Opinion by
Rhodes, P. J.,
This is an appeal by claimant from an order of the Court of Common Pleas of Luzerne County affirming the Workmen’s Compensation Board which refused compensation for the death of her husband under the Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, as amended, 77 PS §1201 et seq.
In this case, as in Zimmiski v. Lehigh Valley Coal Company, 200 Pa. Superior Ct. 524, 189 A. 2d 897, claimant contends that her husband’s death by suicide was caused by and resulted from anthraco-silicosis. In the Zimmiski case the referee and the board found against the claimant on the issue of whether she proved, by expert medical opinion, that the act of suicide was caused by the disease of anthraco-silicosis. The court of common pleas reversed the board, and this Court reversed the court of common pleas on the ground that the latter did not have the right to decide purely factual matters or substitute its findings for those of the board. In the present case, the referee and the board found against claimant on the crucial question of a causal connection between the anthraco-silicosis and *527 the suicide, and this was affirmed by the court of common pleas.
On March 20, 1956, Wasil Berdy, having been employed in the mining industry for a period in excess of forty years, received an award under the Occupational Disease Act based upon a finding of total disability resulting from anthraco-silicosis. On November 15, 1957, deceased committed suicide in the cellar of his home by hanging.
The evidence produced by appellant and her witnesses showed that deceased became aware of his affliction on February 7, 1956. Prior to this time deceased had been normal and enjoyed life in general. Thereafter he became depressed and morose; neglected his person; refused to take his meals with his family; lost weight; became introspective; and stated that the only cure was death.
Claimant produced only one medical witness, Dr. W. H. Lambert, in an attempt to establish a causal connection between the anthraco-silicosis and the suicide. Dr. Lambert was a general practitioner, who, although he was the family physician, had never examined or treated deceased. As a general practitioner, Dr. Lambert was not a specialist in psychiatry. The doctor’s contacts with deceased were primarily casual. Even though some parts of Dr. Lambert’s testimony could be accepted as establishing a causal relation between the anthraco-silicosis and the suicide, other portions were equivocal and did not meet the required standards of proof. Elonis v. Lytle Coal Company, 134 Pa. Superior Ct. 264, 3 A. 2d 995; Fink v. Sheldon Axle and Spring Company, 270 Pa. 476, 113 A. 666. Cf. Blasczak v. Crown Cork and Seal Company, Inc., 193 Pa. Superior Ct. 422, 424, 165 A. 2d 128. Dr. Lambert stated on cross-examination that, even though deceased knew he was going to commit suicide, he considered it an impulsive act. Dr. Lambert further ad *528 mitted that there may have been physical conditions other than the anthraco-silicosis which caused deceased’s mental condition.
Where the decision of the compensation authorities is against the party having the burden of proof, the question before the court on appeal is whether the findings of fact are consistent with each other and with the conclusions of law, and can be sustained without a capricious disregard of the competent evidence. Iezzi v. Creamer Construction Company, 200 Pa. Superior Ct. 265, 266, 189 A. 2d 314; Zimmiski v. Lehigh Valley Coal Company, supra, 200 Pa. Superior Ct. 524, 528, 189 A. 2d 897. The .board is not required to accept even uncontradicted testimony as true, since it has the power to accept or reject in whole or in part the testimony of any witness.
The board’s finding that claimant failed to establish any causal connection between deceased’s death by suicide and the anthraco-silicosis is conclusive under any standard of proof which might be applicable in this case. Cf. Zimmiski v. Lehigh Valley Coal Company, supra, 200 Pa. Superior Ct. 524, 528, 189 A. 2d 897; Blasczak v. Crown Cork and Seal Company, supra, 193 Superior Ct. 422, 424, 165 A. 2d 128.
The present appeal is ruled, therefore, by principles set forth in Zimmiski v. Lehigh Valley Coal Company, supra, 200 Pa. Superior Ct. 524, 189 A. 2d 897. The findings of the compensation authorities being against claimant on the question of any causal connection between the anthraco-silicosis and the suicide and there being no disregard of the competent evidence, the order of the court of common pleas affirming the disallowance of compensation must be affirmed.
The order is affirmed.