Johanna Fitzpatrick, Widow of Donald J. Fitz-patrick, Appellant, *v.* Philadelphia Electric Company and Workmen's Compensation Appeal Board, Appellees.

Argued March 7, 1974, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Morton Gordesky,* for appellant.

*Thomas F. McDevitt,* for appellees.

OPINION BY JUDGE WILKINSON, March 26, 1974:

Appellant's fatal claim petition was denied by the referee whose findings and conclusions were affirmed by the Workmen's Compensation Appeal Board. We must affirm.

Appellant's decedent died on June 24, 1967, while working on a ladder installing a secondary electrical service to a new customer of the appellee. Appellant contends that the death was the result of a compensable accident in that the death was caused either by an electrical shock or by overexertion.

Inasmuch as the Board has affirmed the referee's denial of the claim, Judge BLATT's language in *Page's Department Store v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 126, 129, 309 A. 2d 169 (1973), is most appropriate: "Our scope of review here is limited to ascertaining whether or not constitutional rights were violated, an error of law was committed or any necessary finding of fact was unsupported by substantial competent evidence. Arnold Coal & Supply Co., Inc. v. Markle, 8 Pa. Commonwealth Ct. 107, 300 A. 2d 916 (1973); Bayuk Cigar Company v.

Hawn, 8 Pa. Commonwealth Ct. 45, 300 A. 2d 837 (1973). And where, as here, the Board has taken no additional evidence, and the referee has found adversely to the claimant, we must rely on the facts as found by the referee if there has not been a capricious disregard of competent evidence. Cf. Universal Cyclops Steel Corporation v. Krawczynski, 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973)." A review of the record discloses more than ample competent testimony supporting the referee's findings and conclusions.

Appellant's able counsel, both in the brief filed and on oral argument, forcefully presents a case that would have supported a finding in appellant's favor. However, for the referee and the Board to reject these arguments cannot be said by us to be such a flagrant disregard of the testimony as to be repugnant to a man of reasonable intelligence. *Crain v. Small Tubes Products,* 8 Pa. Commonwealth Ct. 157, 302 A. 2d 925 (1973).

Finally, appellant takes the position that the Board did not consider the alternative ground claimed as entitling appellant to relief, i.e., overexertion. Even a cursory examination of the record and the briefs clearly demonstrates that the main thrust of appellant's claim was based on electrical shock. However, there was evidence which, if accepted, could have formed the basis for a finding of an accident grounded on overexertion. The referee was not convinced by the testimony and made the following specific conclusion of law: "6. Decedent's death was not the result of overexertion in the course of his employment." The Board, in its opinion, discussed at length the principal thrust of appellant's claim, i.e., death through electrocution. However, in its opinion, the Board accurately pointed out that one of the defendant's medical witnesses testified "that there would be no causal connection between the work that the decedent was engaged in and his subsequent death due to the cardiac arrest." From this, it is clear to us

that the Board considered both bases of the appellant's claim. In the final paragraph, the Board stated specifically that "We are compelled to affirm the decision of the referee disallowing the claim petition and we dismiss the appeal. *See Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973)." It is not necessary that the Board, in its opinion, discuss at length all of the bases that the appellant asserts for the claim.

Accordingly, we enter the following

### ORDER

Now, March 26, 1974, the decision of the Workmen's Compensation Appeal Board in the above matter, dated September 13, 1973, affirming the decision of the referee disallowing the claim petition and dismissing the appeal, is affirmed.