Allied Chemical Corporation and Travelers Insurance Co., Appellants, *v.* Workmen's Compensation Appeal Board and Carmella Di Paolo, Widow of Armando Di Paolo, Appellees.

Argued July 31, 1974, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

196

*Joseph J. Murphy,* with him *Murphy, Murphy & Murphy,* for appellants.

*Robert F. Pappano,* with him *James N. Diefenderfer* and *Pappano and Pappano,* for appellees.

OPINION BY JUDGE WILKINSON, August 29, 1974:

Claimant-appellee's decedent died of a myocardial infarction (heart attack) on November 2, 1967. The referee made the following finding of fact: "2. The nature and cause of the injury and death were the aggravation of a pre-existing arteriosclerotic heart disease when, while on a ladder, attempting to make repairs to an overhead door in defendant's plant, a heavy wire cable broke loose as he touched the shiv, whipped around with great force and a loud startling noise, lacerating decedent's right hand, precipitating great emotional tension, followed by emotional shock, and ultimately arteriosclerotic occlusion of the coronary artery, resulting in the death of claimant's said decedent approximately two hours thereafter." The sole question on this appeal is whether the claimant-appellee carried her burden of establishing by competent evidence in this record that there was a causal connection between the accident and the death. Appellant agrees that if there was such competent evidence of sufficient proba-

tive value to form an "evidentiary platform" on which to rest the finding, the appeal must fail. We find that there was and, therefore, must affirm.

The significant testimony on the point in question was offered by a fellow worker who was present at the time of the accident, a Board Certified Analytical and Clinical Pathologist, and a Board Certified Anatomic and Forensic Pathologist who had performed the autopsy.

The record shows that at the time of the accident decedent was subjected to a sudden loud noise and received a cutting blow to the fingers of both hands. The physician performing the autopsy testified the finger injuries were "superficial and not involving any vital area of the body or vital vessels." As a witness for appellant he concluded "The minor injuries of the hands did not contribute to the cause of death." On cross-examination he made it quite clear that he was referring only to the injuries to the fingers. When he took into consideration the closeness of time between the accident and the death, the decedent's prior condition, and the emotional distress, he testified specifically that he could not "rule out the possibility of this particular incident producing some emotional effect and sort of indirectly to some degree, expediting this process in his body."

On the other hand, claimant-appellee's pathologist testified positively that "the injury is causally related to the death of the deceased." This opinion was not shaken on cross-examination.

In addition to the above, a careful review of the entire record makes it clear to us that there is competent evidence from which the referee could build a platform on which to rest his finding of causal connection.

We have very recently reviewed the current holdings of this Court in this field in a factual situation not unlike this one. *See Fitzpatrick v. Philadelphia*

*Electric Co.,* 13 Pa. Commonwealth Ct. 1, 317 A. 2d 337 (1974). In that case the referee found against the claimant and was affirmed by the Board and this Court. For similar cases, where the finding of the referee and the Board was affirmed by the courts, in which the claimant prevailed, see *Hagner v. Alan Wood Steel Co.,* 210 Pa. Superior Ct. 473, 233 A. 2d 923 (1967) and *Frick v. Pittsburgh School District,* 167 Pa. Superior Ct. 431, 74 A. 2d 659 (1950). In *Frick,* the decedent with a prior history of heart problems, suffered a relatively minor cut on his head and died at his home that night. The claimant's doctor testified this accident hastened the death. The defendant's medical expert, as here, was the pathologist who performed the autopsy and testified that the superficial wound on the head was not the cause of death and, indeed, was not related to it. Nevertheless, as here, the court affirmed the finding of the referee and the Board in favor of the claimant on the well established rule that it is the fact finder's function to select between conflicting medical testimony.

Accordingly, we enter the following

ORDER

Now, August 29, 1974, the award of the Workmen's Compensation Appeal Board which awarded compensation and ordered defendant, Allied Chemical Corporation and/or Travelers Insurance Company, insurance carrier, to pay to the claimant, Carmella Di Paolo, death compensation for herself and her three (3) children at the rate of $52.50 per week, beginning November 9, 1967 and continuing thereafter up to but not including June 9, 1977, the end of the 500 week period; compensation for three (3) minor children after 500 weeks at the rate of $28.75 per week beginning June 9, 1977 and continuing thereafter up to but not including June 20, 1982 when the minor child, Nicholas Di

Paolo, becomes 18 years of age; compensation for two minor children at the rate of $21.00 per week, beginning June 20, 1982 and continuing thereafter up to but not including October 18, 1984, when the minor child, Armando Di Paolo, Jr., arrives at the age of 18 years; compensation for one minor child at the rate of $16.00 per week beginning October 18, 1984 and continuing thereafter up to but not including November 17, 1985 when the minor child, Frances Marie Di Paolo becomes 18 years old; together with interest at the rate of 6% per annum on all deferred amounts of compensation payable hereunder and also to pay to the said claimant the statutory sum of $750.00 as reimbursement on account of burial expenses incurred and paid for by her for the burial of the said decedent and dismissing the appeal is affirmed.