Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Standard Colliers, Inc. v. James Quick, Appellant.

Argued May 6, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Edward F. Peduzzi,* with him *Myers, Taylor & Peduzzi,* for appellant.

*John E. Caputo,* with him *Robert E. Shahade* and *James N. Diefenderfer,* for appellees.

*Mary Ellen Krober,* with her *David A. Ody,* Assistant Attorney General, for amicus curiae, Commonwealth of Pennsylvania.

OPINION BY JUDGE CRUMLISH, JR., June 17, 1976:

In this appeal, James Quick (Claimant) asks us to reverse an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's denial of his petition for reinstatement of compensation.

On May 23, 1968, Claimant suffered injuries to his rib, left elbow, left shoulder and chest as a result of an accident in the course of his employment as a miner. A compensation agreement providing for weekly total disability benefits was entered into between Claimant and his employer. On March 29, 1971, Claimant returned to work and by another agreement dated approximately one year later, benefits were terminated. On March 15, 1973, Claimant quit his job claiming that he was in such pain that he could not work. On October 4, 1973, Claimant sought reinstatement of compensation claiming a recurrence of the disability resulting from the May 23, 1968, accident.

The referee's fifth and sixth findings of fact are:

"5. The claimant is totally disabled to pursue his occupation as a miner by reason of a cervical degenerative disc disease, which disease is not causally related to his accident of May 23, 1968.

"6. The claimant has recovered from the injury to his ribs, elbow and left shoulder resulting from the accident of May 23, 1968."

Accordingly, the referee denied Claimant's petition for reinstatement. His decision was based upon two

reports of an orthopedic surgeon, Dr. Hill, which were submitted[1] at the hearing. Dr. Hill's first report, dated October 6, 1971, describes the various diagnostic procedures which were employed to discover the cause of Claimant's pain. Unable to reach a specific diagnosis, the report states that Claimant's pain was caused by an injury to the left side of his neck and that he was advised to return to work on a trial basis. In the second report, dated June 5, 1974, the doctor concluded, after examinations of Claimant, that he was suffering from cervical degenerative disc disease. The final paragraph of the report states: ''PROGNOSIS: The symptoms should be expected to clear with the passage of time. I do not feel that the patient's present disability is as a result of injuries sustained on the 23rd of May 1968. My estimate of this man's disability is that he should not be disabled from any light type work. However, I think he is totally disabled from his ordinary occupation which is a roof bolter in the coal mines.''

Dr. Sahlaney, a physician who appeared on Claimant's behalf at the hearing, testified that Claimant was unable to return to his former mine occupation due to the severe pain. The doctor also testified that the disability could be a result of either the accident or the degenerative disc problem.

It is well settled that, unless the Board hears new evidence, it must sustain the referee's decision if supported by competent evidence. It is equally well settled that determinations as to credibility and the choice between conflicting competent medical testimony are

---

[1] Claimant did not object to the admissibility of these written reports for the reason that the doctor did not personally appear at the hearing. Instead, Claimant objected to the admissibility of the later report as being in conflict with the earlier report. The referee properly ruled that such an objection did not relate to admissibility but to credibility and allowed the introduction of the report.

within the province of the referee and not the Board or this Court. In this case, Dr. Hill's report is sufficient to form the basis of the referee's finding that Claimant's present disability is not a result of his accidental injuries. Therefore, we must affirm the decision of the Board and the referee.

Claimant also contends that a Deputy Secretary of Labor and Industry of the Commonwealth of Pennsylvania cannot be a member of the Board and that he had no authority to take part in the deliberation of this appeal and the writing of the opinion. We must disagree.

Section 441 of the Administrative Code[2] (Code) provides that the Secretary of Labor and Industry "shall be, ex officio, a member of the board."

Section 213 of the Code, 71 P.S. §73, provides that: "With the approval of the Governor, in writing, the head of any department may authorize a named deputy to serve in his stead on any board or commission."

Thus, a Deputy Secretary of Labor and Industry is properly a member of the Board in the place of the Secretary of Labor and Industry.

## ORDER

AND Now, this 17th day of June, 1976, the order of the Workmen's Compensation Appeal Board, No. A 69087, is hereby affirmed and the appeal dismissed.

Judge KRAMER did not participate in the decision in this case.

---

[2] Act of April 9, 1929, P.L. 177, as amended, 71 P.S. §151.