Workmen's Compensation Appeal Board and William Spear *v.* Philco Ford Corp. and Insurance Company of North America, Insurance Carrier. Philco Ford Corp. and Insurance Company of North America, Appellants.

Argued September 14, 1976, before President Judge Bowman and Judges Mencer and Blatt, sitting as a panel of three.

R. D. Harburg, with him Swartz, Campbell & Detweiler, for appellants.

Leon W. Silverman, with him Stein and Silverman, and, of counsel, Angela M. Cerino, for appellee, Spear.

Opinion by Judge Blatt, December 3, 1976:

William Spear (claimant) was employed as a millwright in the maintenance division of the Philco Ford Corporation (employer) for a period of 30 years. His duties were physically demanding, often requiring the movement of heavy items of various types. On March 21, 1973, while moving a metal desk on a dolly in the course of his employment, Spear sustained a disabling back injury (1973 injury). After a period of absence from work necessitated by the injury, the claimant was examined by a company physician who ordered him to do less strenuous labor. The employer transferred the claimant to another plant where he attempt-

ed to perform a less physically demanding job, but the pain from the injury made it impossible for him to do the work. The claimant was laid off as disabled shortly thereafter, and filed a claim petition pursuant to The Pennsylvania Workmen's Compensation Act[1] (Act) on July 18, 1973. After several hearings, the referee awarded compensation for partial disability at the maximum rate for an indeterminate period. The employer appealed to the Workmen's Compensation Appeal Board (Board) which affirmed the order of the referee. The employer has now appealed to this Court.

Our scope of review in a workmen's compensation case where the party with the burden of proof prevailed before the referee, and the Board took no additional evidence, is a limited one. We must determine only whether or not constitutional rights were violated, an error of law was committed, or a necessary finding of fact was unsupported by substantial evidence, leaving questions of evidentiary weight and credibility to the referee. *Mikalonis v. Workmen's Compensation Appeal Board*, 25 Pa. Commonwealth Ct. 166, 361 A.2d 483 (1976).

The employer argues first that the claimant failed to present competent evidence to support his claim of disability from the injury of March 21, 1973. This argument arises from a conflict in the medical testimony presented by the parties before the referee. The claimant testified that he had suffered a similar back injury at work in April of 1970 (1970 injury). He presented as his medical witness the physician who had treated him for both the 1970 injury and the 1973 injury, and this physician, an orthopedic surgeon, testified that he diagnosed the 1970 injury as a ruptured disc which he had treated conservatively and which

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

subsequently went into remission, allowing the claimant to return to work as a millwright with some minor limitations and some lingering discomfort. He testified further that he diagnosed the 1973 injury as an exacerbation and aggravation of the 1970 injury which made it impossible for the claimant to continue in his employment. The employer's medical witness, also an orthopedic surgeon, testified that his examination after the 1973 injury revealed that the claimant had a prior back problem with residual symptoms which were temporarily aggravated by the incident that occurred in March of 1973, but that the symptoms gradually subsided thereafter and returned to what they were before that incident.

Simply stated, the conflict in the medical testimony was whether or not the termination of the claimant's employment resulted from the aggravation of the original injury in the 1973 incident or from the lingering symptoms of the 1970 injury, which had been only temporarily exacerbated by the 1973 injury. In a workmen's compensation case, the referee determines the weight and credibility of the evidence and selects between conflicting medical testimony. *Allied Chemical Corp. v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 195, 325 A.2d 482 (1974). The referee here chose to accept the testimony of the claimant's physician and we find no error in his disregarding the testimony of the employer's medical witness.

The employer argues next that, in awarding the claimant maximum partial disability benefits, the referee capriciously disregarded competent evidence that work was available for the claimant within his physical limitations. It is the employer's burden to prove the availability of work which a disabled employe is capable of performing. *Barrett v. Otis Elevator Co.,* 431 Pa. 446, 246 A.2d 668 (1968); *Workmen's Com-*

*pensation Appeal Board v. McGraw Edison,* 20 Pa. Commonwealth Ct. 548, 342 A.2d 445 (1975) and the employer here endeavored to show the availability of work which the claimant could perform by the testimony of an expert in vocational and rehabilitation counseling and psychology. This testimony indicated that jobs which the claimant could perform existed in the area around the claimant's home, but the witness could not state that any of these jobs were actually available. He based his testimony on a transcript of the prior medical testimony, he had never interviewed the claimant and he could only assume the extent of the claimant's education and job experience. The referee found that the employer had not shown the availability of work which the claimant could perform, and our review of the record supports the referee's conclusion.

To constitute a capricious disregard of evidence, there must be a willful and deliberate overlooking of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching the result. *Sherred v. Pittsburgh,* 7 Pa. Commonwealth Ct. 401, 299 A.2d 381 (1973). We do not find that here.

Accordingly, we affirm the decision of the Board.

ORDER

AND Now, this 3rd day of December, 1976, the order of the Workmen's Compensation Appeal Board, dated February 10, 1976, is hereby affirmed.