American Refrigerator Equipment Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and John Jakel, Respondents.

Argued June 9, 1977, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three. Judge KRAMER did not participate in the decision.

*Howard M. Ellner,* with him *John F. McElvenny,* for appellants.

*Vincent B. Corsetti,* with him *John J. D'Angelo, Bank, Minehart & D'Angelo,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, September 14, 1977:

American Refrigerator Equipment Company (employer) has appealed an order of the Workmen's Compensation Appeal Board (Board). The order affirmed

two referee's awards to John Jakel: one for temporary total disability as a result of an injury on or about April 16, 1973 and the other for total disability as a result of an injury on or about December 10, 1973.

On April 16, 1973, Jakel, a 52-year-old refrigerator installer who had served the employer for about 18 years without any lower back problems, was pushing a heavy refrigerator section when he experienced a sharp pain in his left leg. Several days later he also began to experience pain in his lower back. Because the pain continued throughout the summer, Jakel regularly visited his physician. In September, the pain became so acute that Jakel desperately sought medical relief. He was referred to Dr. Vincent L. Ferrara, a neurological surgeon, who hospitalized him on September 13, 1973. After other treatment had failed, Dr. Ferrara performed a facet rhizotomy in order to relieve Jakel's intense pain. Jakel was able to return to work on October 29, 1973.

On December 10, 1973, while trying to grab a large, heavy refrigerator section which was apparently about to slip, Jakel felt a pull in his lower back. The ensuing pain in his left leg and back was severe, and he immediately sought the advice of his physician. Jakel was again referred to Dr. Ferrara, who hospitalized him and, five days before Christmas, removed a portion of his spine. Although Jakel returned home a few days later, he did not return to work.

Jakel filed two petitions claiming benefits under The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq. The first petition averred that, as a result of the April 16 incident, Jakel was entitled to total disability benefits and medical expenses for the period September 13 to October 29. The second petition averred that, as a result of the December 10 incident, Jakel was entitled to total disability benefits and medical expenses.

The matters were heard together at several hearings before a referee. Jakel testified as to his limited educational and occupational background. He also testified as to the April work incident and the constant pain he suffered from April until September. The December incident was also described.

Dr. Ferrara testified by way of deposition. He painted a verbal portrait of a large, strong man crying out and writhing in pain so consuming in its intensity that it was unrelieved by heavy doses of narcotics. He ventured the opinion on direct examination that among the causes of Jakel's September condition were occupational factors. When pressed, the surgeon explained that the cause of Jakel's problem was his preexisting spinal pathology but that the triggering or aggravating factor of disability occasioned by suffering and pain in September was the April work episode. During a vigorous cross-examination, Dr. Ferrara again explained that, while Jakel's occupation did not "cause" his problem, it aggravated it. However, in a partially nonresponsive answer he apparently retreated from previous testimony.

In addition, a portion of Dr. Ferrara's February 13, 1975 deposition testimony touched on Jakel's ability to return to some form of gainful employment. The surgeon acknowledged January 1975 correspondence in which he supposed Jakel capable of provisional employment on a part-time, limited basis, provided such employment did not entail heavy lifting. When asked on cross-examination what kind of work Jakel could presently do, Dr. Ferrara responded that he could handle a little more than that, but not much.[1]

---

[1] The cross-examination of Dr. Ferrara was thereupon completed in the following ambiguous exchange: "Q. In other words, he could work steadily, but, not heavy lifting? A. Yes."

After the hearings, the referee awarded benefits to Jakel on both claim petitions. When the Board affirmed the awards, the employer appealed to this Court.

Before this Court, the employer raises two arguments. First, it contends that the record lacks such substantial competent evidence as is necessary to support the referee's findings concerning the relation between Jakel's April work incident and his September condition. Second, it contends that the referee capriciously disregarded expert testimony that work which Jakel could perform since the December incident was available. In this difficult case, our limited scope of review compels us to reject these contentions.

In a workmen's compensation case where the party with the burden of proof prevailed before the referee and the Board took no additional evidence, review by this Court is a limited one. We must determine only whether or not constitutional rights were violated, an error of law was committed, or a necessary finding of fact was unsupported by substantial evidence, leaving questions of evidentiary weight and credibility to the referee. *Workmen's Compensation Appeal Board v. Philco Ford Corp.*, 27 Pa. Commonwealth Ct. 298, 366 A.2d 620 (1976). Such is our scope of review on the first issue. On the second issue, where the decision below was against the party with the burden of proof,[2] our review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Workmen's Compensation Appeal Board v. Pennsylvania School*

---

[2] The employer has the burden of proving availability of work which a disabled employee is capable of performing. *E.g., Barrett v. Otis Elevator Co.*, 431 Pa. 446, 246 A.2d 668 (1968). The referee found such had not been proved.

*Boards Ass'n,* 28 Pa. Commonwealth Ct. 618, 369 A.2d 503 (1977) (hereinafter *Valdez*). In either case, the party who prevailed below is entitled to the benefit of the most favorable inferences to be drawn from the evidence. *Workmen's Compensation Appeal Board v. Thomas V. Ferrick, Inc.,* 23 Pa. Commonwealth Ct. 591, 353 A.2d 490 (1976).

In reviewing the instant record, we are mindful of the referee's unique fact-finding role. Questions of credibility and the choice between conflicting testimony are for the referee, not this Court. *Workmen's Compensation Appeal Board v. Quick,* 25 Pa. Commonwealth Ct. 203, 359 A.2d 852 (1976); *see Valdez, supra.* Among such questions are those arising from a witness' inconsistent testimony, *Quick, supra; Workmen's Compensation Appeal Board v. Czepurnyj,* 20 Pa. Commonwealth Ct. 305, 340 A.2d 915 (1975), as well as from conflicting testimony of two or more witnesses. Having assessed the credibility of such evidence, the referee may, in lawful exercise of his broad discretion, accept or reject the testimony of any witness *in whole or in part. See Berdy v. Glen Alden Corp.,* 202 Pa. Superior Ct. 525, 198 A.2d 329 (1964). If the testimony accepted constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, *see, e.g., Workmen's Compensation Appeal Board v. Auto Express, Inc.,* 21 Pa. Commonwelath Ct. 559, 346 A.2d 829 (1975), we are precluded from disturbing findings supported by the testimony even though there is evidence to the contrary. *See Padilla v. Chain Bike Corp.,* 27 Pa. Commonwealth Ct. 190, 365 A.2d 903 (1976).

After a careful review of the entire testimony of Dr. Ferrara, we are convinced that there is support for the referee's findings concerning the relation between Jakel's April work incident and his September con-

dition. Our reading of Dr. Ferrara's direct testimony suggests that the precondition, or "cause" as he termed it, of Jakel's overall spinal problem was his preexisting spinal pathology. However, this preexisting condition was, within a reasonable degree of medical certainty, triggered or aggravated by the April work episode with the result of suffering, pain, and disability in September.

An injury may be compensable though in part attributable to a preexisting condition. *Jones v. Workmen's Compensation Appeal Board*, 25 Pa. Commonwealth Ct. 546, 360 A.2d 821 (1976); *Workmen's Compensation Appeal Board v. Universal Cyclops*, 20 Pa. Commonwealth Ct. 261, 341 A.2d 223 (1975); *see* Section 301(c)(1) of the Act, 77 P.S. §411(1). *See generally*, 1 A. Barbieri, *Pa. Work. Comp.* §6.21(6)(f). Indeed, the percentage of such disability which may have been due to or could be attributed to the prior condition need not be established. *See Kish v. T. F. Steele Coal Co.*, 185 Pa. Superior Ct. 257, 137 A.2d 855 (1958).

However, in cases such as these where there is no obvious causal relationship between the employee's injury and the work incident, the medical witness must testify not that the injury or condition might have, or even possibly did, come from the assigned cause but that, in his professional opinion, the result in question did come from the assigned cause. *See, e.g., Dunlap v. Workmen's Compensation Appeal Board*, 17 Pa. Commonwealth Ct. 19, 330 A.2d 555 (1975). The surgeon here testified that the result, September pain and suffering came from the April aggravation of preexisting spinal pathology. This testimony was not rendered equivocal by statements elicited during cross-examination concerning what Jakel's condition might have been were it not for the work incident because these

answers to highly speculative and hypothetical questions were irrelevant in light of Dr. Ferrara's positive testimony. *See Universal Cyclops, supra.* Nor is it rendered equivocal by an apparently inconsistent statement elicited during cross-examination.[3]

A reasonable mind could accept part of Dr. Ferrara's direct testimony as adequate to support a conclusion on the relation between the work incident and Jakel's subsequent condition. *Cf. Workmen's Compensation Appeal Board v. Bethlehem Steel Corp.*, 23 Pa. Commonwealth Ct. 454, 352 A.2d 571 (1976) (unequivocal medical testimony that injury was caused by claimant's activities at work). Since the referee chose to believe that part of Dr. Ferrara's testimony that unequivocally established the relation, the referee's findings are supported by substantial evidence.

We further hold that the referee did not capriciously disregard testimony that after the December injury there was work available within Jakel's physical limitations. Although the employer adduced the testimony of an expert in vocational and rehabilitation counseling and psychology who stated that he was familiar with Dr. Ferrara's deposition testimony[4] and opined that Jakel was capable of performing several enumerated available jobs, this testimony is not compatible with the gist of Dr. Ferrara's testimony that Jakel was capable of little more than provisional, part-time, limited employment involving no heavy lifting. This is not a case where a referee wilfully and delib-

---

[3] Equivocality under the pertinent rule concerns the certainty or positiveness of testimony, not, as with inconsistent testimony, the credibility. *Compare Ferlazzo v. Harbison-Walker Refractories Co.*, 200 Pa. Superior Ct. 390, 189 A.2d 189 (1963), *and Elonis v. Lytle Coal Co.*, 134 Pa. Superior Ct. 264, 3 A.2d 995 (1939), *with Quick, supra, and Czepurnyj, supra.*

[4] *But see Philco Ford, supra.*

erately overlooked unrebutted testimony of availability. *See Don-Mark Realty Co. v. Milovec,* 11 Pa. Commonwealth Ct. 448, 314 A.2d 349 (1974); *Matrunics v. Ruffsdale Coal Co., Inc.,* 6 Pa. Commonwealth Ct. 420, 295 A.2d 629 (1972). Rather, this is a case where a referee chose to believe part of an expert's testimony regarding the claimant's capacity over other testimony presented by the employer. *See Parkview Hospital, Inc. v. Workmen's Compensation Appeal Board,* 20 Pa. Commonwealth Ct. 567, 342 A.2d 137 (1975); *cf. Valdez, supra* (claimant's testimony accepted over that of job-development specialist). Therefore, this Court is bound by the referee's decision to disregard the testimony of the employer's expert. *See Parkview Hospital, supra.*

## Order

And Now, this 14th day of September, 1977, the order of the Workmen's Compensation Appeal Board, dated August 2, 1976, is affirmed. Accordingly, it is ordered that judgment be entered in favor of John Jakel and against American Refrigerator Equipment Company and Pennsylvania Manufacturers' Association Insurance Company in the amount of $94 per week for the period September 13, 1973 to October 28, 1973, inclusive, and in the amount of $94 per week beginning December 13, 1973 and continuing until such time as disability changes in nature or extent or ceases and terminates, together with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.

In addition, American Refrigerator Equipment Company and Pennsylvania Manufacturers' Association Insurance Company are directed to pay the fol-

lowing reasonable costs in the amounts and to the persons provided:

| | |
|---|---|
| Rolling Hill Hospital | $2,435.15 |
| Dr. Vincent L. Ferrara | 2,652.55 |
| Elkins Park Anesthesia Associates | 135.00 |
| John Jakel (reimbursement) | 184.22 |

American Refrigerator Equipment Company and Pennsylvania Manufacturers' Association Insurance Company are further directed to pay approved attorney's fees of $3,500 directly to claimant's counsel, John J. D'Angelo, Esquire, from the first lump sum amount due and 20 percent of subsequent weekly amounts due. All remaining compensation, together with interest, is to be paid directly to John Jakel.

Judge KRAMER did not participate in the decision in this case.