W & G Specialties Co., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Al Burnette, Respondents.

Argued October 3, 1979, before Judges ROGERS, DISALLE and CRAIG, sitting as a panel of three.

*Thomas R. Bond,* with him *Kenneth F. DeMarco,* and *LaBraum and Doak,* for petitioner.

*Jeffrey M. Azpell,* for respondents.

488

OPINION BY JUDGE DISALLE, November 30, 1979:

W & G Specialties Company (Employer) asks us to review an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's award of total disability benefits to Al Burnette (Claimant). We affirm.

On November 24, 1976, Claimant, while working for Employer, suffered a back injury when he attempted to lift a heavy object. His treating physician, Dr. Stanley Dorman, diagnosed him as suffering from a herniated disc in his lower back and concluded that he was totally disabled as a result of the incident at work. Claimant has not worked since December 3, 1976.

The referee concluded that his acceptance of Dr. Dorman's testimony of total disability rendered "irrelevant" the testimony of Dr. Philip Spergel, a vocational rehabilitation expert, that Claimant could perform certain sedentary jobs. Employer argues that both Claimant and Dr. Dorman testified that Claimant could perform sedentary work and thus the referee erred in discounting Dr. Spergel's testimony. We disagree.

Turning first to Claimant's testimony, we note that he worked for Globe Security Systems as a security guard at the same time that he worked for Employer. On cross-examination, the following colloquy occurred concerning that job:

Q. If you wanted to, could you go back to work for Globe?

A. Yes, nothing to it, just sitting down.

Q. Have you asked Globe to come back to work?

A. Yes, I could get back.

Q. No, I say have you asked Globe if you could come back to work?

A. No.

Q. Do you intend to?

A. I don't know, according to what kind of job.

Q. Assuming that it is the same job that you had been doing for eight months for them?

A. If I could get the same job back [with Globe], I wouldn't mind.

Employer argues that the foregoing constitutes an admission by Claimant that he is only partially disabled, and that it is therefore conclusive on the issue of Claimant's ability to do light work. In our view, this does not necessarily follow. In the first place, the fact that Claimant "wouldn't mind" returning to his old job with Globe does not mean that he is physically capable of performing it. Secondly, we note that immediately preceding the above quoted dialogue, Claimant, who had continued to work both for Employer and for Globe for several days following his accident, was asked on cross-examination what he did when he returned to Globe. The following transpired:

A. Nothing but sit down.

Q. You just sat down?

A. That is all. That is what the whole job is, sitting down.

Q. How did your back feel as you were sitting there?

A. It still hurt.

Q. Did it feel better or worse when you finished?

A. It felt worse.

Furthermore, Dr. Dorman spoke of Claimant's ability to function as a security guard:

Q. You were asked about Mr. Burnette's ability to do his job with the Globe Detective Agency, and, that is to watch if there was any

wrongdoing being done on the parking lot. If part of that job was also to run for aid or to apprehend anyone who was doing anything on the parking lot, would your opinion about his ability to do that job remain the same? Would you say that he could do that, that is, apprehend people who were wrongdoers or to run for help?

A. If it involved any physical exertion, I'd have to say no, he couldn't, unless it's just giving an alarm. It's questionable. An ordinary watchman, I'd say yes, but involved in any lengthy thing, I would have to say no.

Q. Or if it involved apprehension or preventing someone from doing something?

A. That would be involving exertion. I'm not sure he could do it.

We next consider Employer's contention that the whole of Dr. Dorman's testimony belies his conclusion of total disability. It is true that on cross-examination, Dr. Dorman stated that Claimant could perform sedentary work. He added however, that Claimant could only sit and that he could not stand for more than 15 or 20 minutes without pain. Dr. Spergel defined sedentary work as work involving mainly sitting but also a certain amount of standing and walking. Dr. Dorman also testified, as mentioned earlier, that Claimant could not do work involving "any physical exertion." Thus we do not believe that Dr. Dorman's statement that Claimant could do sedentary work justifies a reversal of the Board and referee.

Additionally, we point out that in *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 595, 377 A.2d 1007, 1010 (1977), our court per Judge MENCER, had this to say about the power of the

referee to accept a witness's testimony "in whole or in part:"

> In reviewing the instant record, we are mindful of the referee's unique fact-finding role. Questions of credibility and the choice between conflicting testimony are for the referee, not this Court. Workmen's Compensation Appeal Board v. Quick, 25 Pa. Commonwealth Ct. 203, 359 A.2d 852 (1976); see Valdez, supra. Among such questions are those arising from a witness' inconsistent testimony, Quick, supra; Workmen's Compensation Appeal Board v. Czepurnyj, 20 Pa. Commonwealth Ct. 305, 340 A.2d 915 (1975), as well as from conflicting testimony of two or more witnesses. Having assessed the credibility of such evidence, the referee may in, lawful exercise of his broad discretion, accept or reject the testimony of any witness *in whole or in part.* See Berdy v. Glen Alden Corp., 202 Pa. Superior Ct. 525, 198 A.2d 329 (1964). If the testimony accepted constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, see, e.g., Workmen's Compensation Appeal Board v. Auto Express, Inc., 21 Pa. Commonwealth Ct. 559, 346 A.2d 829 (1975), we are precluded from disturbing findings supported by the testimony even though there is evidence to the contrary. See Padilla v. Chain Bike Corp., 27 Pa. Commonwealth Ct. 190, 365 A.2d 903 (1976).

Since Dr. Dorman's testimony of total disability constitutes substantial evidence, we are powerless to reverse, even though contrary evidence may exist.

We hold that the referee did not act improperly in accepting Dr. Dorman's testimony of total disability and rejecting Dr. Spergel's testimony that Claimant

could perform certain sedentary work. Dr. Dorman, a medical doctor, examined Claimant and treated him. Dr. Spergel is a psychologist, who by his own admission lacks expertise in evaluating the physical abilities of an individual. He performed no physical examination of Claimant, but merely interviewed him and administered psychological testing. The referee had to choose between the conflicting testimony of two witnesses. He made that choice, and since his findings are supported by substantial evidence, we must affirm.

## ORDER

AND Now, this 30th day of November, 1979, the order of the Workmen's Compensation Appeal Board, dated October 24, 1978, affirming as modified the award of benefits to Al Burnette, is hereby affirmed, and judgment is entered on the award. W & G Specialties Co. and/or its insurer shall pay Claimant compensation at the rate of $187.00 per week, from November 26, 1976 into the future, with interest payable at the rate of 10% on all compensation due to date.

Attorney fees of 20% of the award shall be paid by W & G Specialties Co. to Jeffrey Azpel, Esquire, chargeable to the award.