Commonwealth of Pennsylvania, Appellant *v.* Andrew M. Makar, Appellee.

Submitted on briefs to Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*Laurence W. Dague,* Assistant Attorney General, for appellant.

*Calvin J. Friedberg, Williamson, Friedberg & Jones,* for appellee.

OPINION BY JUDGE MACPHAIL, July 16, 1980:

The only issue raised on this appeal is whether the order of the Court of Common Pleas of Schuylkill County affirming an award of funeral expenses, pursuant to Section 307(8) of The Pennsylvania Occupational Disease Act (Act), Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1407(8), to Andrew M. Makar (Appellee) following the death of his father was supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Columbus Service International and Underwriters Adjusting Co. v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 441, 444, 333 A.2d 233, 236 (1975). The party prevailing below (here, Appellee) is entitled to the benefit of the most favorable inferences to be drawn from the evidence on appeal. *Workmen's Compensation Appeal Board v. Sullivan,* 22 Pa. Com-

monwealth Ct. 386, 388, 348 A.2d 925, 926 (1975). We hold that the award was based on substantial evidence.

The facts of this case are relatively undisputed. In 1956, Appellee's father (Decedent) was awarded lifetime benefits as a result of total disability arising out of exposure to silica dust. On January 15, 1975, Decedent died of a self-inflicted gunshot wound. Appellee filed a petition for compensation pursuant to the Act alleging that Decedent's death, although immediately caused by suicide, was actually caused by his anthracosilicosis. Following a hearing at which Appellee, unrepresented by counsel, testified briefly, and Dr. Carter Davison, Decedent's personal physician, testified at some length, the referee determined that Decedent's death was caused by the anthracosilicosis and awarded $425 in funeral expense benefits to Appellee. The referee's order was affirmed by the Workmen's Compensation Appeal Board (Board) and the Board's order was affirmed by the Court of Common Pleas.

The Commonwealth, in arguing that Appellee failed to prove that Decedent's death resulted from anthracosilicosis, thereby rendering Appellee ineligible to receive funeral expense benefits, relies upon this Court's decision in *Consolidation Coal Co. v. Workmen's Compensation Appeal Board*, 37 Pa. Commonwealth Ct. 412, 391 A.2d 14 (1978). There, at 422, 391 A.2d at 19, we held that in cases considered pursuant to Section 301(c)(2) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(2), a claimant must present medical evidence which establishes that a decedent's death *resulted from* an occupational disease, rather than that the disease simply contributed to the death. The same principle, the Commonwealth argues, should apply to cases brought within the Occupational

Disease Act. Without specifically reaching that question, we find that the unequivocal, uncontradicted testimony of Dr. Davison clearly established that Decedent's death *did result from* anthracosilicosis. Specifically, Dr. Davison testified that "[H]e died as a result of the severe symptomatology which he presented in his lifetime," "His primary cause of death was anthracosilicosis," and "He wouldn't have had the [self-inflicted gunshot] wound [from which he died] if he hadn't had the anthracosilicosis." This testimony adequately satisfies the *Consolidation Coal Co. v. Workmen's Compensation Appeal Board* standard and supports the award of funeral benefits to Appellee.

The Commonwealth also relies on two Superior Court cases, *Berdy v. Glen Alden Corp.*, 202 Pa. Superior Ct. 525, 198 A.2d 329 (1964), and *Zimmiski v. Lehigh Valley Coal Co.*, 200 Pa. Superior Ct. 524, 189 A.2d 897 (1963), in arguing that Appellee failed to prove that Decedent's suicide should be considered anything other than self-inflicted and voluntary. Both of those cases, in which disabled decedents' dependents were denied compensation under the Act following decedents' deaths by suicide, cited an earlier Superior Court case, *Blasczak v. Crown Cork & Seal Co.*, 193 Pa. Superior Ct. 422, 165 A.2d 128 (1960). The Court in *Blasczak* at 424, 165 A.2d at 129, had declared that a decedent's death would not be considered to be self-inflicted and his or her dependents would not be denied benefits if the decedent " 'killed himself while possessed by an uncontrollable insane impulse or while in a delirium or frenzy, as a direct result of the accident [or, as here, disease] without rational knowledge of the physical consequences of his act.' " (Citation omitted.) The Commonwealth argues that there is no "sufficient, competent evidence" here to support a finding that Decedent's suicide resulted from an uncontrollable insane impulse or during a state of

delirium or frenzy. We disagree with the Commonwealth for two reasons.

First, we think the Commonwealth interprets the *Blasczak* language too literally. The standard set forth in *Blasczak* does not require proof that before a decedent committed suicide, he or she was raving or raging against someone or something. Rather, as the Court in *Blasczak* continued at 425, 165 A.2d at 130,

> If the board accepted [the doctor's] opinion that the deceased *was out of his mind and not responsible for his acts* when he committed suicide, it had a legal right to grant compensation on the ground the deceased killed himself while possessed by an uncontrollable insane impulse, and thus not 'intentionally.' (Emphasis added.)

This Court adopted such an interpretation of *Blasczak* in *Workmen's Compensation Appeal Board v. Sullivan* at 388, 348 A.2d at 926, where the late Judge Kramer writing for the Court said, "In cases where suicide is admitted, ... the burden of proof shifts to the claimant to show that the decedent's life was taken *during an episode for which the decedent was not legally responsible.*" (Emphasis added.) We reaffirm our adherence to that standard today.

Second, we find that the testimony of Dr. Davison is sufficient to meet the *Blasczak* standard. Specifically, Dr. Davison testified

> That [Decedent] was continuously, night and day, short of breath and severely so. That on the night which he died he had, as on most other nights, been awake all night because of shortness of breath and—
>
> ....
>
> that this was his usual problem — unable to rest at night because of shortness of breath. And that on January 15th, 1975, *he could simply no*

*longer stand these slow strangulations of his an-
thracosilicosis and simply could no longer stand
this; ....*

....

It is my impression that he could no longer
take the symptoms which he had — the con-
tinuous shortness of breath — and knew that he
was not going to get any better because none of
the care had been able to help him and *he
simply could no longer take it.* (Emphasis add-
ed.)

In *Blasczak v. Crown Cork & Seal Co.,* the Court
affirmed an order of the Board awarding compensa-
tion to a decedent's dependents on the basis of the
testimony of a psychiatrist who had never even ex-
amined the decedent. Here, Appellee presented the
testimony of Decedent's personal physician who had
treated Decedent and who had watched him struggle
with anthracosilicosis for fifteen years. Dr. Davison's
testimony goes beyond that offered in *Blasczak.* It was
sufficient to prove that Decedent's death resulted
ultimately from anthracosilicosis and that his suicide
occurred under circumstances which would not
preclude Appellee from receiving funeral expense
benefits. As Judge Lavell so appropriately noted in his
opinion for the Common Pleas Court, "[Decedent's]
anthracosilicosis caused his death as effectively as if it
had pulled the trigger of the gun which fired the fatal
bullet."

The order of the Court of Common Pleas of
Schuylkill County is affirmed.

ORDER

AND Now, this 16th day of July, 1980, the Order
of the Court of Common Pleas of Schuylkill County at
No. S-546 March Term, 1976, entered November 13,
1978, is affirmed.