Ronald R. Sell, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and R. L. Keirn Electric Construction, Respondents.

6

Argued June 5, 1981, before Judges ROGERS, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Antonio R. Pyle*, with him *Joel Persky, Baskin and Sears,* for petitioner.

*David P. Andrews, Patterson, Evey, Routch, Black, Behrens & Dorezas,* for respondent, R. L. Keirn Electric Construction.

OPINION BY JUDGE WILLIAMS, JR., September 22, 1981:

Claimant appeals to this Court to remand to the Workmen's Compensation Appeal Board (Board) its

decision affirming the order of the referee terminating benefits to claimant.

Claimant suffered a work-related injury, described in the Notice of Compensation Payable as fractures of both wrists, a fractured nose, loss of teeth, and a laceration of the forehead. Some twenty months later, in January, 1979, the employer filed a Termination Petition, alleging that the claimant was able to return to work. In October, 1979, the claimant filed a Modification Petition containing allegations of disfigurement.

Pursuant to the hearing on the Termination Petition, the referee accepted the deposition testimony of respondent's medical expert and a report from the claimant's treating medical practitioner. Both doctors' opinions are referred to in the decision issued by the referee, who obviously chose to weave threads from each party's evidence into the fabric of his decision. In his Order, he terminated benefits, awarded fifteen weeks of compensation for the disfigurement, and granted the defendant carrier a credit for overpayment of compensation made.[1]

Claimant appealed to the Board, averring that the facial disfigurement award was inadequate, and also that the referee committed an error of law in terminating benefits. The Board heard argument on the appeal, and subsequently issued an Order in which it affirmed the referee's decision, noting particularly that the claimant had appeared before the Board "and the asserted disfigurement was observed."

Upon appeal to this Court, the claimant requests that we remand to the Board for a determination of whether the referee had sufficient competent evidence

---

[1] In the same decision the referee dismissed the Modification Petition since the matters at issue in it were resolved by the decision issued pursuant to the Termination Petition.

upon which to base that portion of his decision which dealt with the termination of disability, since the Board did not specifically address itself to that issue in its decision.

Our scope of review in a workmen's compensation case encompasses a determination of whether any constitutional rights were violated, an error of law was committed, or whether any necessary finding of fact was unsupported by substantial evidence, always bearing in mind that issues of evidentiary weight and credibility are within the province of the referee's adjudicative powers. *City of Williamsport v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 618, 423 A.2d 817 (1980). Neither this Court nor the Board can substitute its discretion for that of the referee in the face of facts based upon substantial evidence. *American Refrigerator Equipment Company v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). Substantial evidence has been repeatedly defined as such relevant evidence as a reasonable mind might accept as adequate to support the conclusion reached therefrom. *Workmen's Compensation Appeal Board v. Auto Express, Inc.,* 21 Pa. Commonwealth Ct. 559, 346 A.2d 829 (1975).

As the party who wished to modify the status quo, the employer in this case had the burden of demonstrating that the disability had terminated, and to that end it presented the telephone deposition of its medical witness, Dr. Maroon, which was accepted into evidence. The claimant entered a disability claim form completed by F. Adelaide Ferrand, D.O., who had treated the claimant, as well as his own testimony concerning his present condition. Claimant, as of the date of the hearing, had been employed at the same type of work, for greater financial compensation than his pre-injury rate, for a period of over two months.

Our examination of the record indicates that the findings made by the referee are based on substantial evidence. The date stated as the day disability terminated was taken from the disability claim form claimant offered into evidence. The fact that the referee chose to accept that date, yet not accept the limitations placed upon claimant's activity by that form, choosing instead to give greater weight to the opinion of the employer's medical witness, is squarely within his prerogative. "Having assessed the credibility of such evidence, the referee may, in lawful exercise of his broad discretion, accept or reject the testimony of any witness *in whole or in part.*" (Emphasis in original.) *American Refrigerator, supra* at 595, 377 A.2d at 1010.

Turning to claimant's second issue in this appeal, that the case should be remanded because the Board did not address the question of the termination of disability benefits, we note that claimant has presented no cases to substantiate his contention, nor can this Court. To do so, we would have to pronounce that the Board cannot simply affirm the decision of the referee,[2] which would place on the Board the burden of writing an opinion in every case it hears. Such a burden would increase administrative backlog unnecessarily, particularly in cases such as this where the major issue is so often discussed by this Court—that the referee does not automatically commit error by resolving conflicting testimony in a manner which distresses the appellant.

We therefore affirm the order of the Board.

ORDER

AND Now, this 22nd day of September, 1981, the decision of the Workmen's Compensation Appeal

[2] *Cf. Fitzpatrick v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 1, 317 A.2d 337 (1974).

Board entered at Docket No. A-78446, dated April 24, 1980, affirming the order of Referee Dumm filed December 19, 1979, is hereby affirmed.