Kepple Coach Lines and American States Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Carrie E. Lockwood), Respondents.

Argued October 4, 1982, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*John F. Will, Jr., Will & Keisling,* for petitioners.

*Alexander J. Pentecost,* for respondent, Carrie E. Lockwood.

Opinion by Judge Craig, November 16, 1982:

Employer Kepple Coach Lines and its insurer, American States Insurance Company, have appealed an order of the Workmen's Compensation Appeal Board which affirmed a referee's decision granting benefits to claimant Carrie Lockwood. The employer alleges that the claimant failed to establish, by substantial evidence, that her disabling injury was work-related, as is required.[1]

The claimant testified that, while on the job as a school bus driver on February 16, 1977, she slipped and fell inside the school bus, striking her head. The claimant's two treating physicians, based on the claimant's account of the accident, testified that she had suffered a traumatic stroke as a result of the blow to her head. However, an examining physician, as the employer's witness, testified that claimant did not suffer a traumatic stroke, but rather an ischemic stroke because she was 44 years old, a cigarette smoker, and a user of birth control pills.

The referee found the testimony of the claimant's medical expert to be more credible and awarded her compensation.

In workmen's compensation cases, the factfinding function, including determination of credibility, rests with the referee, not with the board or this court.[2] The referee's resolution of conflicting competent testi-

---

[1] Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1).

[2] The referee's power to determine the credibility of conflicting testimony includes conflicting medical testimony. *Workmen's Compensation Appeal Board v. Quick,* 25 Pa. Commonwealth Ct. 203, 359 A.2d 852 (1976).

mony is not grounds for reversal in light of our limited scope of review.[3]

Concerning the issue of whether there was unequivocal competent medical testimony in favor of the respondent, the referee was entitled to classify Dr. D'Onofrio's testimony as sufficient. We note that the doctor did state that, *"it would seem* to me from the fall she sustained an injury to her brain which caused the problem which eventually left her paralyzed." (Emphasis added.) However, upon being further asked, "[i]s that your opinion within a reasonable degree of medical certainty?" the doctor responded, "[r]ight, right." By a narrow margin, the testimony can be regarded as unequivocal.

Accordingly, we affirm the decision of the Workmen's Compensation Appeal Board.

## ORDER

Now, November 16, 1982, we hereby affirm the order of the Workmen's Compensation Appeal Board, No. A-79781, dated April 2, 1981, awarding benefits to Carrie Lockwood, and enter judgment in favor of Carrie Lockwood and against Kepple Coach Lines and/or American States Insurance Company, carrier, which are directed to pay to the claimant compensation at the rate of $145.17 per week commencing February 17, 1977, and into the future, under the provisions of the Act, including interest at the rate of ten percent (10%) per annum.

We further order that the employer and/or carrier reimburse the claimant for medical bills that she paid as follows:

---

[3] This court's limited scope of review permits us to reverse a decision in favor of the party having the burden of proof only where necessary findings of the referee are not supported by substantial competent evidence. *United Parcel Service v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 438, 430 A.2d 351 (1981).

| | |
|---|---|
| Mrs. Y. B. Rameas, R.N., private nurse | 100.00 |
| Antoinette Maraldo, R.N., private nurse | 100.00 |
| DeLaTorre Orthopedic Appliances | 40.00 |
| DaLaTorre Orthopedic Appliances, brace | 41.00 |
| Prescriptions | 539.40 |
| Mercy Hospital | 96.00 |

We further order that the employer and/or carrier reimburse Blue Cross/Blue Shield for medical expenses they paid and which the claimant incurred as follows:

| | |
|---|---|
| South Hills Health System | 46.00 |
| South Hills Health System | 189.50 |
| South Hills Health System | 290.00 |
| South Hills Health System | 146.70 |
| Med. Rehab., Inc. | 30.00 |
| James Zaccardi, M.D. | 105.00 |
| South Hills Health System | 66.00 |
| Mercy Hospital | 16,863.85 |
| South Hills Health System | 235.50 |
| Forbes Health System | 23.00 |
| Harmarville Rehab. Center, Inc. | 4,550.00 |
| South Hills Health System | 29.00 |
| Med. Rehab., Inc. | 251.00 |
| R. E. Hershey, M.D. | 30.00 |

We further order that the employer and/or carrier pay reasonable medical bills that remain unpaid by the claimant as follows:

| | |
|---|---|
| Patsy A. D'Onofrio, M.D. | 36.00 |
| James P. Zaccardi, M.D. | 245.00 |
| Pittsburgh Neurosurgery & Neurology Associates (Blume, Crisello & Ulicny) | 50.00 |
| South Hills Health System—home care | 106.30 |
| Med. Rehab., Inc. | 115.00 |

We further order that the employer and/or carrier reimburse the claimant's attorney for Bills of Cost as follows:

| | |
|---|---:|
| Samuel Sherman, M.D. exam and evaluation | 60.00 |
| Patsy A. D'Onofrio, M.D. deposition | 100.00 |
| Peter M. Melotti, M.D. deposition | 250.00 |
| Peter M. Melotti, M.D. report | 35.00 |
| Court reporter— transcript of testimony, 10/17/77 | 13.60 |
| Court Reporter—transcript of testimony, Dr. D'Onofrio | 94.00 |
| Court Reporter—transcript of testimony, Dr. Melotti | 37.20 |

Finally, we order the employer and/or carrier to deduct one-third of the reimbursement amount due Blue Cross/Blue Shield and deduct twenty percent (20%) of back compensation owing to the claimant and pay both sums directly to Alexander J. Pentecost, claimant's attorney.