518 A.2d 887

SCM Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Shullman), Respondents.

Argued October 7, 1986, before President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Robert G. Rose, Spence, Custer, Saylor, Wolfe and Rose,* for petitioner.

*W. Louis Coppersmith, Margolis & Coppersmith,* for respondent, Louis Shullman, Deceased, Kathleen Shullman, Widow.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., December 19, 1986:

SCM Corporation (SCM) appeals a Workmen's Compensation Appeal Board (Board) order upholding a referee's decision granting the fatal claim petition of Kathleen Shullman, widow of Louis Shullman. Section 301(a) of The Pennsylvania Workmen's Compensation Act (Act).[1] We affirm.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §431, defines work-related injury:

> Every employer shall be liable for compensation for personal injury to, or for the death of each employe, and such compensation shall be paid in all cases by the employer, without regard to negligence, according to the

Shullman's husband, a technician, worked in SCM's magnetic materials lab for five years. In September 1982 he was transferred to the production department as a clerk in charge of inventory. Two months later, Mr. Shullman died of a self-inflicted gunshot wound just prior to leaving for work.[2]

The referee found[3] that the decedent's change in job caused him to become depressed and suffer a serious change in personality.[4] The referee found further that at the time of Mr. Shullman's death, he was suffering from a specific major depression — a "single episode" — culminating in the tragic outcome of his death.[5] The Board concluded from the record that there was "substantial competent and unequivocal medical evidence to show that [decedent's] mental illness and resulting suicide were the result of his employment."[6]

schedule contained in sections three hundred and six and three hundred and seven of this article: *Provided, That no compensation shall be paid when the injury or death is intentionally self inflicted,* or is caused by the employe's violation of law, but the burden of proof of such fact shall be upon the employer. . . .
(Footnote omitted; emphasis added.)

[2] The referee found that just prior to Mr. Shullman's death, he was tasked with the preparation of a monthly inventory which was to be finished on the date he committed suicide. The referee found further that decedent was concerned and confused about how the inventory was to be done. He was very troubled and considered himself a failure because he could not get his job done (Reproduced Record, p. 253a).

[3] The Board adopted all of the referee's findings (Reproduced Record, pp. 260a-263a).

[4] In awarding benefits to decedent's widow, the referee found that decedent's state of depression "was directly and causally linked to his employment" (Reproduced Record, p. 256a).

[5] Psychiatric Evaluation by Dr. John F. Michaels (Reproduced Record, pp. 106a-109a).

[6] Workmen's Compensation Appeal Board order (Reproduced Record, pp. 260a-263a).

SCM contends that Section 301(a) bars compensation for intentional self-inflicted injuries such as decedent's. It argues that Shullman failed to meet her burden of proof under the prevailing "Sponatski test," which requires the decedent to have acted without conscious volition, possessing an uncontrollable insane impulse or while in a delirium or frenzy.[7]

This Court has previously held that suicide may be compensable under the Act provided that the suicide is a direct result of a work-related mental illness. *Allegheny Ludlum Steel Corp. v. Workmen's Compensation Appeal Board (Fisher)*, 91 Pa. Commonwealth Ct. 480, 498 A.2d 3 (1985). In order to be work-related, the mental injury must stem from the decedent having functioned as an employee, not from outside circumstances. *Klein v. Workmen's Compensation Appeal Board (Plaza Home Center, Inc.)*, 91 Pa. Commonwealth Ct. 247, 496 A.2d 1346 (1985).

In *McCoy v. Workmen's Compensation Appeal Board (McCoy Catering Services, Inc.)*, 102 Pa. Commonwealth Ct. 436, 518 A.2d 883 (1986), we recently held that a "chain-of-causation" test is to be applied to suicide cases under Section 301(a) of the Act. This test allows compensation if a suicide is caused by pain, depression or despair resulting from a work-related injury so severe as to override rational judgment.[8]

---

[7] "Sponatski rule" was adopted by the Superior Court in *Blasczak v. Crown Cork & Seal Co.*, 193 Pa. Superior Ct. 422, 165 A.2d 128 (1960).

[8] We have adopted this new test because our previous requirements unrealistically allowed compensation in cases marked by violent or eccentric methods of self-destruction, while denying it in cases no less deserving where the claimant presented "a story of quiet but ultimately unbearable agony leading to a solitary and undramatic suicide." *Kahle v. Plochman, Inc.*, 85 N.J. 539, 428 A.2d 913 (1981).

To be entitled to receive compensation under this test, a claimant must prove that (1) there was initially a work-related injury as defined by Section 301 of the Act, (2) the injury directly caused the employee to become dominated by a disturbance of the mind so severe as to override normal rational judgment, and (3) the disturbance resulted in the employee's suicide.

Having examined the record, we hold that Shullman has met her burden of proof under the *McCoy* test. She presented competent medical evidence which showed that job pressure caused her husband to become severely depressed and created a mental state of despair.[9] Dr. John F. Michaels, a Board-certified clinical psychiatrist, testified that decedent's "suicide was a direct result of the mental state of helplessness and hopelessness which were cardinal features of the depression; and that the depression was directly and causally linked to the stress of work at the place of employment at the time of the deceased's death."[10]

In addition, Dr. Robert L. Sadoff, SCM's Board-certified forensic psychiatrist, testified on cross-examination that an event unconnected to decedent's internal mental state could trigger a serious mental illness and that his job transfer appears to have been that extrinsic factor.[11]

We hold, therefore, that the Board properly awarded fatal claim benefits.

Accordingly, we affirm the order of the Workmen's Compensation Appeal Board.

---

[9] *See Commonwealth v. Makar*, 53 Pa. Commonwealth Ct. 83, 416 A.2d 1155 (1980).

[10] Psychiatric Evaluation by Dr. John F. Michaels (Reproduced Record, pp. 106a-109a).

[11] Reproduced Record, pp. 217a-218a.

ORDER

The Workmen's Compensation Appeal Board order, Docket No. A-88580, dated August 17, 1985, is affirmed.