Joseph Ricciardi, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Fleming Company, Respondents.

Argued February 27, 1978, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Julius E. Fioravanti,* for petitioner.

*William F. Sweeney,* with him *David L. Pennington,* and *Harvey, Pennington, Herting & Renneisen, Ltd.,* for appellees.

OPINION BY JUDGE WILKINSON, JR., March 22, 1978:
This is an appeal from a decision by the Workmen's Compensation Appeal Board (Board) dis-

allowing a claim for compensation benefits by petitioner-claimant under the unusual pathological result doctrine. We affirm.

On May 13, 1969 claimant was working as a cement mason at a construction site for his employer, Fleming Construction Co. As he was bending over to smooth the surface of a poured concrete slab he felt a "snap" in his back and a sharp pain. Claimant was unable to straighten up and had to be taken home. That same day he sought treatment for his back problem from a chiropractor. The chiropractor subsequently treated claimant 11 times before claimant returned to work on June 24, 1969. Thereafter claimant continued to experience back pains and sought additional treatment from the chiropractor on an average of twice a year from 1969 to 1974.

On February 16, 1970 claimant filed a petition for workmen's compensation benefits. Following a hearing on May 17, 1972 the referee denied the petition and an appeal was taken to the Board. The case was remanded for a new hearing when it was discovered that a transcript of the first hearing was not available. Hearings were held on June 11, 1975 and January 22, 1976 at which time claimant and the chiropractor testified; the employer offered no evidence. At the hearing on June 11, 1975 claimant testified as to the May 13, 1969 incident and further stated that he had never had any back trouble prior to that incident. At the January 22, 1976 hearing, however, the chiropractor testified that he had treated claimant previously for back problems in 1960, 1963, 1966 and 1968. He further testified that he diagnosed claimant's injury on May 13, 1969 as an "acute strain and sprain of the lumbosacral spine accompained by myofascitis and complicated by a right sciatic neuralgia." When *asked by counsel for claimant* wheth-

er the cause was the incident at work, the doctor responded, "Yes, it could be." When asked, *again by claimant's counsel,* whether the injury could have been caused by anything else, the doctor responded, "It could be something else." Following these hearings, the referee issued a decision concluding no compensable accident had occurred. The Board affirmed.

Claimant initially contends that the evidence adduced at the two hearings before the referee establishes the requisite elements for the application of the unusual pathological result doctrine. Under the unusual pathological result doctrine an injury is compensable as an accident under The Pennsylvania Workmen's Compensation Act[1] when, during the course of the employee performing his usual work, a definable event or series of events causes a sudden onset of a physical injury or harm to the bone or bodily tissue. *See Hinkle v. H. J. Heinz Co.,* 462 Pa. 111, 337 A.2d 907 (1975). In order to establish a compensable injury under this doctrine the claimant must, therefore, prove by unequivocal medical evidence that the injury was causally related and solely caused by the work related occurrence. *See Malocheski v. Consolidated Cigar Corp.,* 12 Pa. Commonwealth Ct. 430, 316 A.2d 81 (1974). The question, in turn, of whether the injury is causally related to the allegedly compensable injury is a factual issue for the referee to determine and his finding is binding on this Court if supported by substantial evidence. *Page's Department Store v. Workmen's Compensa-*

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq. Although the 1972 amendments dispense with the need for proof of accident, this provision of the amendments is not applicable to this case because the events alleged to have occurred in the instant case took place prior to the effective date of the amendments. *See* Section 4(1) of the Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1).

*tion Appeal Board,* 11 Pa. Commonwealth Ct. 126, 309 A.2d 169 (1973), *vacated on other grounds, Page's Department Store v. Velardi,* 464 Pa. 276, 346 A.2d 556 (1975).

Claimant, however, seeks to avoid this result by asserting the doctor's testimony was sufficiently direct and unequivocal regarding the causal relationship of the May 13 occurrence and the injury to establish this relationship as a matter of law.

The proper test for the legal sufficiency of medical testimony was set forth in *Menarde v. Philadelphia Transportation Co.,* 376 Pa. 497, 501, 103 A.2d 681, 684 (1954) where the Court stated:

> Moreover the expert has to testify, not that the condition of claimant might have, or even probably did, come from the accident, but that in his professional opinion the result in question came from the cause alleged. A less direct expression of opinion falls below the required standard of proof and also does not constitute legally competent evidence. (Citations omitted.)

Specifically, with regard to the language used in this case by claimant's medical expert, equivocal statements such as ''could have'' have been held legally insufficient. *See Harrisburg Housing Authority . v. Workmen's Compensation Appeal Board,* 14 Pa. Commonwealth Ct. 413, 322 A.2d 753 (1974). While the doctor also restated an earlier opinion that the cause was the result solely of the work incident, this further testimony, in our view, only gave rise to questions of weight and credibility which must be determined by the referee. Where such determinations are made, on review, the successful party below must be given the benefit of the most favorable inference deducible from the evidence. *New Standard Corp. v. Workmen's Compensation Appeal Board,* 9 Pa. Com-

monwealth Ct. 494, 309 A.2d 60 (1973). In light of the claimant's preexisting back injury, as well as the doctor's direct testimony on the issue of causation, we conclude there was sufficient evidence for the referee to conclude this testimony was not sufficiently unequivocal.

Also with regard to this testimony, claimant alleges that the Board found the chiropractor incompetent to testify as to the causal relationship of the occurrence and the injury. This allegation misstates the factual posture of the hearing as well as the findings of the referee and conclusions of the Board. The chiropractor did testify, albeit equivocally, as to causation. The Board concluded, and we believe properly so, that the claimant had not met his burden of proving causation by unequivocal medical testimony.

Alternatively, claimant asserts that even if this Court agrees with the Board's conclusion, this case should be remanded because the referee should have disqualified himself from the second hearing. Despite the lengthy citation of authority with regard to disqualification of an administrative officer for bias or prejudice, the claimant has not referred us to any statement or fact in the record of the hearings tending to show the referee had prejudged the case or was biased in any way. Moreover, a careful reading of the record does not disclose any bias or prejudice. Apparently, counsel for claimant is referring to a remark allegedly made by the referee to him which was also the basis for the appeal in *Ricciardi v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 339, 325 A.2d 677 (1974). There we stated that the claimant would have the opportunity to show bias or prejudice at the remand hearing, or by allowance of the Board at an evidentiary hearing for that

purpose. Since there is no evidence of prejudice in the record and claimant has not requested a hearing before the Board, we find no merit in the argument for a remand.

Accordingly, we will enter the following

ORDER

AND Now, March 22, 1978, the order of the Workmen's Compensation Appeal Board, No. A-71728, dated February 3, 1977, is hereby affirmed.