Beaver Valley Builders Supply and Reliance Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and William A. Shick (Mrs. William A. Shick, Widow), Respondents.

Argued May 7, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Raymond F. Keisling,* with him *Will & Keisling,* for petitioners.

*Stanford A. Segal,* with him *Gatz, Cohen, Segal & Koerner,* P.A., for respondents.

OPINION BY JUDGE MENCER, October 4, 1979:

While in the course of his employment with Beaver Valley Builders Supply (employer) on July 22, 1974, William A. Shick (claimant) sustained a brachial plexus injury when he grabbed the ladder he was descending to avoid falling and jerked his arms. The injury resulted in atrophy of his right arm and total disability for which he was granted workmen's compensation until May 12, 1975, when compensation was suspended due to his return to work. On November 23, 1976, claimant filed a reinstatement petition alleging further disability as a result of the July 22, 1974 injury. The referee found that claimant was totally disabled, as a result of his injury, from August 14, 1976, when he stopped working, through April 7, 1977, the date of his death, and awarded compensation. The Workmen's Compensation Appeal Board affirmed, and this appeal followed. We reverse.

The only issue is whether sufficient competent medical evidence exists to support the finding that claimant was again totally disabled as a result of the July 22, 1974 injury. In *Ricciardi v. Workmen's Compensation Appeal Board,* 34 Pa. Commonwealth Ct. 316, 320, 383 A.2d 571, 574 (1978), we quoted the test for the legal sufficiency of medical testimony as set forth in *Menarde v. Philadelphia Transportation Co.,* 376 Pa. 497, 501, 103 A.2d 681, 684 (1954), which is:

> 'Moreover the expert has to testify, not that the condition of claimant might have, or even probably did, come from the accident, but that in his professional opinion the result in question came from the cause alleged. A less direct expression of opinion falls below the required standard of proof and also does not constitute legally competent evidence.' (Citations omitted.)

*See also American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 596, 377 A.2d 1007, 1010 (1977).

In October 1976, claimant was diagnosed as having a progressive motor neuron disease described as a "degeneration of the motor nerve cells on his spinal cord" which caused progressive weakness and wasting first on his right side and then on his left. The only medical evidence of a causal connection between claimant's original injury and his motor neuron disease appears in two letters of Dr. W. H. Jeffreys, claimant's treating physician, in which he states that claimant's "history suggests a direct relationship to an injury sustained two years ago" and that "[i]t is my belief that the motor neuron disease may have been initiated by the patient's injury. . . ." Such statements do not meet the criterion set forth above since they are less than direct expressions that the motor neuron disease was the result of claimant's in-

jury. The words "suggests" and "may have" qualify the medical opinion and make it equivocal and uncertain. For these reasons, we enter the following

ORDER

AND NOW, this 4th day of October, 1979, the order of the Workmen's Compensation Appeal Board, dated August 17, 1978, is reversed and benefits are denied in the above captioned case.

Judge CRUMLISH, JR. dissents.