Modern Transfer, Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Elizabeth Feiertag, Widow of Edwin J. Feiertag, Deceased, Respondents.

Argued October 1, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MACPHAIL, sitting as a panel of three.

*Ronald F. Bove*, with him *Swartz, Campbell & Detweiler*, for petitioner.

*Frank A. Doocey*, for respondent.

OPINION BY JUDGE CRUMLISH, JR., December 11, 1979:

Edwin J. Feiertag died of a heart attack on April 25, 1975, in the course of his employment. His widow, Elizabeth Feiertag (claimant) filed a fatal claim petition for workmen's compensation benefits on behalf of herself and three children contending that decedent's work activities on April 22, 23, 24 and 25, 1975, aggravated a pre-existing heart condition which resulted in his death. The referee dismissed the petition concluding that claimant had failed to establish that Feiertag's death was work-related within the meaning of Section 301(c) of The Pennsylvania Workmen's Compensation Act.[1] The Workmen's Compensation Appeal Board (Board) reversed and awarded benefits, without hearing additional evidence. After careful consideration of the law and the record, we reverse the Board.

The sole question on appeal is whether the claimant presented sufficient competent medical evidence to establish a causal connection between decedent's work activities and his death.

In a workmen's compensation case where an allegedly compensable death is in part attributable to a pre-existing pathology, the claimant must establish by unequivocal medical evidence that the decedent's work activities aggravated the pre-existing condition thereby contributing to his death. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). The equivocacy of the testimony goes to the competency of the evidence and testimony based upon mere possibilities or conjecture is not legally competent. *Zoltak v. Keystone-Harmony Dairy*, 47 Pa.

---

[1] Section 301(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411.

Commonwealth Ct. 378, 408 A.2d 198 (1979); *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board, supra.* Thus, medical testimony that decedent's work duties "could have" or "may have" or "probably" aggravated his pre-existing condition is not competent to establish that the death was work-related. *Beaver Valley Builders Supply v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 344, 406 A.2d 1172 (1979);[2] *Riccardi v. Workmen's Compensation Appeal Board,* 34 Pa. Commonwealth Ct. 316, 383 A.2d 571 (1978).

This is not to say, however, that the claimant must present medical evidence establishing the precise cause of death or that an autopsy is necessary in every instance of accidental death. *Czankner v. Sky Top Lodge, Inc.,* 13 Pa. Commonwealth Ct. 220, 308 A.2d 911 (1973). Nor is the claimant compelled to establish the percentage or degree to which the decedent's death was work-related. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board, supra.* Rather, the claimant must establish that within a reasonable degree of medical certainty decedent's work activity or work conditions influenced his death through the aggravation of a pre-existing pathology. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board, supra; Workmen's Compensation Appeal Board v. Bowen,* 26 Pa. Commonwealth Ct. 593, 364 A.2d 1387 (1976).

---

[2] My dissent in *Beaver Valley Builders Supply v. Workmen's Compensation Appeal Board* was based upon a thorough reading of the medical evidence which revealed that in that case in particular the words "suggests" and "may have" were not equivocal when read in the context of the medical expert's entire opinion. To the contrary, the record demonstrated that in the opinion of Dr. W. H. Jefferys, which the referee accepted, there was a direct relationship between decedent's work injury and subsequent death.

Here, two qualified medical experts testified as to causation. Dr. Robert I. Catherman, testifying for the claimant, opined that the underlying cause of death was coronary heart disease. Moreover, that death was related in some manner to a combination of the underlying disease process and decedent's work duties. Classifying decedent's work activities as moderate to heavy, in the doctor's opinion, they caused physical and psychological stress which aggravated and influenced the cause of death. Dr. Catherman further stated, however, that absent an autopsy, the way in which the physical activity associated with decedent's work aggravated his condition could not be determined.

The defendant-employer's expert medical witness, Benjamin A. Gouley, testified that decedent died of heart failure, the cause and mechanism of which remained undetermined; that decedent's heart condition pre-existed his activities of April 20, 1975; that he disagreed with the medical opinion of Dr. Catherman insofar as it purported to causally link decedent's work activities to death; further, that in this particular case the cause of death was purely speculative absent an autopsy. In particular, the record reveals that Dr. Gouley pointed to the fact that, while *any* activity short of bed rest may have in some way contributed to Feiertag's death, the fact that on two of the days which decedent complained of chest pain he was able to work a full 10 to 12 hours without further complaint or difficulty and that on the day of his death he had worked an estimated 10¼ hours without any apparent pain or difficulty, made Dr. Gouley hesitant to connect the work with the subsequent death.

The referee, while not categorically rejecting the testimony of Dr. Catherman, chose to accept the medical opinion of Dr. Gouley and concluded on the basis thereof that causally relating decedent's employment to his death was purely speculative.

In a workmen's compensation case, the weighing of the testimony is solely within the province of the referee and his decision to accept the testimony of one competent medical witness over another will not be disturbed on appeal. *Workmen's Compensation Appeal Board v. Edgewater Steel Co.*, 23 Pa. Commonwealth Ct. 3, 349 A.2d 775 (1976).

Moreover, when, as here, the competent medical evidence accepted supports a determination that decedent's employment activities are not causally related to his death, neither the Board nor this Court on review may substitute its judgment for that of the referee even though contrary testimony received by the referee would have supported a different result. *Inter-State Tile & Mantel Co. v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 429, 395 A.2d 681 (1978).

Accordingly, we

### ORDER

AND Now, this 11th day of December, 1979, the order of the Workmen's Compensation Appeal Board is reversed and the petition of Elizabeth Feiertag on behalf of herself and three children for benefits arising from the death of Edwin J. Feiertag is dismissed.