Republic Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Alex Shinsky and Commonwealth of Pennsylvania, Respondents.

Argued May 7, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Ralph A. Davies,* with him *Edward A. McFarland,* and *Thomson, Rhodes & Grigsby,* for petitioner.

*Margaret D. Blough,* for respondent.

OPINION BY JUDGE CRUMLISH, JR., December 20, 1979:

Alex Shinsky, totally disabled by coal worker's pneumoconiosis, was awarded benefits by a referee whose decision was affirmed by the Workmen's Compensation Appeal Board. His employer, Republic Steel Corporation (Republic), argues that he failed to comply with the 120-day notice requirement of Section 311 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §631.[1] We reverse.

The notice requirements of Section 311 are analyzed in *Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 480, 407 A.2d 117 (1979).

Shinsky worked as a coal miner for more than 25 years and was so employed by Republic from 1971 until January 7, 1975, when he retired because of breathing difficulties. He notified Republic of his disability because of an occupational disease on December 1, 1975,

---

[1] Section 311, in its entirety, reads:

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment. The term 'injury' in this section means, in cases of occupational disease, disability resulting from occupational disease.

and filed his workmen's compensation claim petition on December 11, 1975.

The referee resolved the factual issue of timely notice as follows:

> FOURTH: Although claimant had filed on three separatte occasions for Federal Black Lung Benefits and had been doctoring with Dr. A. G. Saloom from 1971 and further that Dr. Saloom feels that he must have told the claimant on July 3, 1975, that he was totally disabled from coal worker's pneumoconiosis, this Referee is of the opinion that the first time that the claimant was fully aware of the seriousness of his condition and that he was totally disabled from coal worker's pneumoconiosis was when he had been examined by another independent physician, Dr. Thomas Connelly, on October 31, 1975, and had been told the results of said examination, '. . . he is totally and permanently disabled from coal worker's pneumoconiosis as a result of his cumulative exposure to coal dust while employed as an active miner' by letter dated November 11, 1975, to his union attorneys; and that upon learning the results of his examination, he notified his last employer through his attorney by certified mail No. 917210 dated December 1, 1975, and received on December 3, 1975, which was within 30 days of this awareness.

Republic contends that the Board's error consisted of the referee capriciously disregarding recorded testimony of Shinsky and his physician on the notice issue. Our scope of review is limited and we are constrained to affirm essential findings unless they are not supported by substantial evidence. *Republic Steel Corp., supra.* Testimony which is so uncertain, inadequate, ambiguous or contradictory is, as a matter of

law, insubstantial because the findings based thereon are mere conjecture. *Novaselec v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 550, 332 A.2d 581 (1975).

In looking to the record in its entirety and in the light most favorable to claimant, we must conclude as a matter of law that Shinsky failed to give timely notice and hence the referee's finding was conjecture. It is clear that the evidence, rather than giving substantial support for the referee's finding that claimant first knew of his disability as a result of his examination with Dr. Connelly, indicates that knowledge of the disability came at an earlier date.

Shinsky said that he left the mine because of shortness of breath, thus making it difficult to perform his normal duties. Having heard that "black lung' can cause shortness of breath, he three times applied for federal black lung benefits. Finally, and of greater significance, is his testimony that Dr. Albert G. Saloom was the first to inform him of his total disability due to pneumoconosis.

Dr. Saloom testified uneqivocally as Shinsky's witness that he had informed him in 1972 that he had black lung. He was certain that he informed claimant of his total disability due to pneumoconiosis on June 30 and July 3, 1975.

We conclude that Shinsky was disabled for purposes of Section 311 for more than 120 days before Republic was notified. Accordingly, we

### ORDER

AND Now, this 20th day of December, 1979, the order of the Workmen's Compensation Appeal Board dated June 15, 1978, affirming the award of workmen's compensation benefits to Alex Shinsky and dismissing the appeal of Republic Steel Corporation is reversed and benefits are denied.