George J. Badaracco, Jr., Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Keystone Foods, Respondents.

Argued December 4, 1979, before Judges WILKIN-SON, JR., BLATT and CRAIG, sitting as a panel of three.

*Harry K. Thomas,* with him *Knox, Graham, Mc-Laughlin, Gornall & Sennett,* for petitioner.

*James P. Lay, III,* with him *Gifford, Lay, Johnson & Ridge,* for respondents.

OPINION BY JUDGE WILKINSON, JR., January 7, 1980:

Petitioner (claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) reversing the referee's award of benefits for total disability from December 15, 1975, through March 7, 1976. The referee had found that the disability was causally related to an injury which claimant suffered while in the course of his employment with respondent company on April 5, 1974.[1]

---

[1] The doctor who treated this injury noted the date as March 5, 1974. It is a matter of little significance other than as it would add one month to the intervening period.

The facts are as follows: On April 5, 1974, the claimant twisted his knee while pulling cases of merchandise at work. He received immediate medical attention from the plant physician and returned to work with no lost time. Claimant worked at respondent company until November 1975 when he was laid off and was immediately employed by a moving and storage company. Claimant alleged and the referee found that, during this period of time, the claimant's knee would "pop out" of joint but that he was able to put it back into place himself.

On December 15, 1975, 20 months after the injury, claimant bent over while at home to pick up an item and experienced great pain in his knee. He sought medical treatment from an orthopedic surgeon, who hospitalized the claimant and continued to treat him until March 8, 1976, when claimant was discharged to return to work.

Upon claimant's subsequent application for benefits for his period of disability, a hearing was held at which the referee heard the claimant's testimony and read the reports of the treating orthopedic surgeon then found the claimant's recent disability to be causally related to the injury suffered while in the course of employment with respondent company in April 1974. He ordered compensation for total disability from December 15, 1975 through March 7, 1976. The respondent company appealed to the Board, alleging that the referee's finding was not supported by competent evidence in that the medical evidence stated only that there was a "possibility" that the claimant's condition was due to an injury at work. The Board reversed the referee, stating that the claimant's medical testimony failed to prove a causal relationship between the earlier injury and the alleged disability. Claimant appealed to this Court.

The claimant argues that a referee may decide a case without unequivocal medical testimony where the causal connection between the injury and disability is so natural and probable that an expert witness is not necessary. The respondent company, while recognizing situations in which a cause and effect relationship is so obvious and direct that unequivocal testimony is unnecessary, argues that here the causal relationship is not apparent for several reasons. Specifically, the work-related injury was not so severe as to cause the claimant to lose any time from work, the claimant had no intervening medical treatment during a 20-month period which elapsed between the injury and the present disability, and the treating physician stated that although there was a possibility that the more recent disability was superimposed upon a pre-existing injury he could not make a definitive statement on a causal relationship. We must affirm the order of the Board and deny benefits.

If the testimony accepted by the referee is such as a reasonable mind might accept as adequate to support a conclusion, we are precluded from disturbing findings supported by that testimony. *American Refrigerator Equipment Co. v. Workmen's Compensation Board of Review,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). However, in a case such as this where no clear causal connection has been established between the present disability and the previous work-related injury, the medical witness must testify not that the present result possibly came from the previous cause but that the result *did* come from the previous cause. *American Refrigerator Equipment Co., supra.* Testimony of a medical witness that a causal connection between a compensable injury and a renewed disability is suggested or may be present is not sufficiently unequivocal or certain to support a deter-

mination that such connection exists. *Beaver Valley Builder's Supply v. Workmen's Compensation Appeal Board*, 46 Pa. Commonwealth Ct. 344, 406 A.2d 1172 (1979). Under the facts of this case, we must conclude that "[m]edical testimony which is less than positive . . . does not constitute legally competent evidence." *Westmoreland Casualty Co. v. Workmen's Compensation Appeal Board*, 36 Pa. Commonwealth Ct. 307, 309, 387 A.2d 683, 684 (1978).

Because the causal relationship, if any, between the injury of April 5, 1974, and the disability of December 15, 1975, is not sufficiently clear or obvious to compensate for the lack of unequivocal medical evidence, the Board properly reversed the referee's order and dismissed the petition.

Accordingly, we will enter the following

ORDER

AND Now, January 7, 1980, the order of the Pennsylvania Workmen's Compensation Appeal Board, Docket No. A-72472, dated October 27, 1977, dismissing the claimant's petition for benefits, is affirmed.