United States Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Anthony L. Babuscio, Respondents.

Argued November 19, 1980, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*James D. Strader,* with him *Louis A. Raimond,* for petitioner.

*Jay L. Fingeret,* for respondent, Anthony L. Babuscio.

OPINION BY JUDGE WILLIAMS, JR., April 1, 1981:

United States Steel Corporation (U.S. Steel) appeals from an Order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision which awarded total disability benefits to Anthony Babuscio

(claimant) for a work-related injury, pursuant to Section 306(a) of The Pennsylvania Workmen's Compensation Act.[1]

Anthony Babuscio was employed for eleven and one-half years as a chainman in the structural department of U.S. Steel's Homestead Works. On June 21, 1976, claimant filed a workmen's compensation claim petition alleging, *inter alia,* that he sustained an injury or disease in the form of a loss of hearing and sensitivity to noise. He contended that his injury or disease resulted from prolonged exposure, without proper protective devices, to excessive noise during his working career with U.S. Steel.

A referee's hearing was held at which medical testimony was received concerning the relationship between the claimant's injury and his past employment. Also offered into evidence was a report prepared by the United States Department of Labor Occupational Safety and Health Administration indicating that the noise levels in the section where the claimant worked were up to and in excess of one hundred fifteen decibels. After hearing all of the evidence, the referee decided that the claimant was totally disabled and that his disability occurred as a direct result of his continual and constant exposure to excessively high noise levels during the course of his employment with U.S. Steel. Accordingly, the referee awarded the claimant workmen's compensation benefits for a total disability. U.S. Steel appealed the referee's award to the Board. The Board affirmed the referee's decision and the employer's appeal to this Court followed.

Appellant, U.S. Steel, contests claimant's eligibility for benefits and contends that the claimant did not sustain his burden of proof. Specifically, the appellant alleges that the claimant did not produce medical

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §511.

evidence to substantiate the fact that the injuries about which he complained caused him to be disabled. Additionally, appellant opposes the referee's findings that such injuries were work-related.

In workmen's compensation cases, the question of whether a claimant suffers from a particular injury or disease is a factual determination solely within the province of the referee. *Steinle v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 241, 393 A.2d 503 (1978). Furthermore, the determination as to the extent of a claimant's physical disability is a matter exclusively for the compensation authorities. *Symons v. National Electric Products, Inc.*, 414 Pa. 505, 200 A.2d 871 (1964); *Bobbouine v. Rex Shoe Co.*, 200 Pa. Superior Ct. 273, 188 A.2d 848 (1963).

Our scope of review of a referee's findings of fact is limited to a determination of whether those findings are supported by substantial evidence. *Republic Steel Corp. v. Workmen's Compensation Appeal Board*, 48 Pa. Commonwealth Ct. 131, 421 A.2d 1060 (1980); *Owens v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 510, 395 A.2d 1032 (1979). If supported by competent evidence, those findings are binding on this Court. *Badaracco v. Workmen's Compensation Appeal Board*, 48 Pa. Commonwealth Ct. 321, 409 A.2d 529 (1980). A careful review of the record reveals that the claimant presented competent and substantial medical evidence to support a finding that he suffered from a disability under the Workmen's Compensation Act. Claimant introduced the deposition testimony of Dr. Sidney N. Busis at the referee's hearing. Dr. Busis testified that the claimant suffers from sensory neural hearing loss and, due to this, exposure to loud noises causes him pain and severe headaches.

According to Dr. Busis, normal conversational tones measure approximately forty to fifty decibels. Therefore, a noise level of one hundred fifteen

decibels, that present in the area in which claimant worked, is remarkably intense. It was Dr. Busis' opinion that exposure to acoustics measuring one hundred fifteen decibels, without adequate protection, over a long period of time, would cause a person injury in the nature of sensory neural hearing loss. Such a sensory neural hearing loss would occur as a direct result of exposure to the high noise level. Dr. Busis also stated that further noise exposure would increase claimant's sensory neural hearing loss. This evidence amply demonstrates that the claimant is unable to continue his employment with U.S. Steel.

Appellant next contends that, even if this Court determines that the claimant has adequately demonstrated the existence of a total disability, we still cannot sustain the Board's award of compensation. It is the appellant's position that the claimant has not presented sufficient competent medical evidence to unequivocally establish that his injury or disease was work-related. On the issue of causation, the proper test for the legal sufficiency of expert medical testimony is that the expert must testify that in his professional opinion the result in question came from the cause alleged. *Menarde v. Philadelphia Transportation Co.*, 376 Pa. 497, 103 A.2d 681 (1954); *Ricciardi v. Workmen's Compensation Appeal Board*, 34 Pa. Commonwealth Ct. 316, 383 A.2d 571 (1978).

In the instant case, the referee found that the deposition of Dr. Busis contained testimony directly linking claimant's sensory neural hearing loss to his exposure to extreme noise levels during the course of his employment with U.S. Steel. In a workmen's compensation case, the credibility of the medical witnesses and the weight to be attached to their testimony are matters finally and exclusively for the referee. *E.g., Jones and Laughlin Steel Corp. v. Golmitz*, 28 Pa. Commonwealth Ct. 25, 367 A.2d 323 (1976). Thus, it

is readily apparent that the claimant produced competent medical evidence to support a finding of a causal connection between his injury and his past employment.

Once a workmen's compensation claimant has shown by credible evidence that he can no longer perform his former work because of a work-related injury, the burden shifts to the employer to show that there is other work available which claimant, within his limitations is capable of performing. Absent such proof, the claimant must be compensated for total disability. *Barrett v. Otis Elevator Co.*, 431 Pa. 446, 246 A.2d 668 (1968); *Steinle, supra.* A review of the record in this case reveals that the claimant's employer did not meet its burden of proof in that regard. At no time did U.S. Steel introduce evidence indicating the availability of work compatible with claimant's injury. Thus, the claimant is entitled to total disability benefits and the Board was proper in affirming the award of such. Therefore, we must affirm the Board's order.

### ORDER

AND Now, the 1st day of April, 1981, the order of the Workmen's Compensation Appeal Board at Decision No. A-76956 is affirmed. It is ordered that judgment be entered in favor of claimant Anthony L. Babuscio and against United States Steel Corporation. United States Steel Corporation is directed to pay compensation to Anthony L. Babuscio at the rate of $185.30 per week from May 21, 1976 through the present and indefinitely into the future, until such time as claimant's total disability ceases or changes in character or extent. Interest is allowable at the rate of ten percent per annum on past due benefits subject to the terms and limitations of the Workmen's Compensation Act.

United States Steel Corporation is further directed to pay Jay L. Fingeret, claimant's attorney $452.35 as reimbursement for costs incurred in prosecuting this case. Attorney fees in the amount of 20% of the award are approved. United States Steel Corporation shall make payment of those fees to claimant's attorney by separate check, deducting it from the monies due claimant.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.