Pierino Masci, Petitioner *v.* Workmen's Compensation Appeal Board (Harmar Coal Company and Old Republic Insurance Company), Respondents.

Submitted on briefs October 4, 1982, to Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Margaret D. Blough,* for petitioner.

*George H. Thompson,* with him *Paul E. Sutter, Hirsch, Weise & Tillman,* for respondents.

OPINION BY JUDGE CRAIG, November 4, 1982:

Claimant Pierino Masci appeals from a June 23, 1981 order of the Workmen's Compensation Appeal Board which affirmed the referee's decision in favor of employer Harmar Coal Company, terminating compensation being paid to claimant for total disability

under The Pennsylvania Workmen's Compensation Act.[1]

The claimant suffered a work-related injury to his neck and back on March 10, 1976, and received workmen's compensation benefits. The employer filed a petition for termination on June 3, 1977. The referee concluded that all disability from the injury had ended by March 18, 1977. The board affirmed.

The claimant contends that no substantial evidence supported the referee's decision to terminate the claimant's benefits because three medical experts reported that claimant was still disabled and only employer's single medical expert maintained the disability had ceased.

In *Modern Transfer v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 592, 597, 408 A.2d 900, 902 (1979), we held that, "the weighing of the testimony is solely within the province of the referee and his decision to accept the testimony of one competent medical witness over another will not be disturbed on appeal." In deciding against the claimant, the referee relied upon the deposition testimony of Dr. Botkin, the employer's witness, which the referee specifically found as a matter of fact to be the more credible testimony.

Claimant does not contest Dr. Botkin's qualifications. Therefore, we cannot find that the referee's decision was unsupported by substantial evidence.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772, provides in relevant part:

A referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed.

ORDER

Now, November 4, 1982, the order of the Workmen's Compensation Appeal Board, No. A-80311, dated June 23, 1981, is affirmed, and claimant's appeal is dismissed.