Scott C. Williams, Petitioner *v.* Workmen's Compensation Appeal Board (Pittsburgh Annealing Box Company and Pennsylvania Manufacturers' Association Insurance Company), Respondents.

Submitted on briefs May 12, 1983, to Judges BLATT, MacPHAIL and BARBIERI, sitting as a panel of three.

*Regis J. McNally,* for petitioner.

*Stuart W. Benson, III,* for respondent, Pittsburgh Annealing Box Company.

*John J. Subach,* Director of Claims, for respondent, Pennsylvania Manufacturers' Association Insurance Company.

OPINION BY JUDGE BLATT, September 27, 1983:

Scott C. Williams (claimant) appeals here an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's denial of benefits.

The claimant was a pressman's helper employed by the Pittsburgh Annealing Box Company. He averred in his claim petition that while attempting to pull a 1/4″ slab of stainless steel out from under a 1″ slab, he sustained back sprains and became disabled. Hearings were held at which both the claimant's and the employer's medical experts[1] presented their views as to the alleged injury. The referee, noting in one finding that "the question of credibility is basic herein," found the employer's witnesses to be more credible and concluded that the claimant was not entitled to benefits. The Board affirmed and the instant appeal followed.

The claimant of course, has the burden of proving his right to benefits. *Halaski v. Hilton Hotel*, 487 Pa. 313, 409 A.2d 367 (1979). And where, as here, the party with the burden of proof fails before the referee, our scope of review is limited to determining whether any constitutional rights were violated or an error of law was committed or whether or not the findings of fact are consistent with each other and if the conclusions of law can be sustained without a capricious disregard of competent evidence. *Roadway Express, Inc. v. Workmen's Compensation Appeal Board*, 54 Pa. Commonwealth Ct. 169, 420 A.2d 774 (1980).

The claimant argues that the referee capriciously disregarded competent evidence in believing the employer's witnesses instead of his. It is clear, how-

[1] The claimant, his foreman, and several co-workers also testified.

ever, that capricious disregard involves more than a mere disbelief of witnesses. Rather it is a willful disregard of testimony which a man of responsible intelligence could not possibly challenge. *Container Corp. of America v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 367, 429 A.2d 1264 (1981). Moreover, the referee is free to accept the testimony of one witness and reject another's in whole or in part. *Killian v. Workmen's Compensation Appeal Board,* 62 Pa. Commonwealth Ct. 29, 434 A.2d 906 (1981). This rule is in accord with the oft-stated rule that questions of credibility and of conflicting evidence are for the referee, not this Court. *Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board,* 70 Pa. Commonwealth Ct. 392, 453 A.2d 370 (1982).

We have carefully reviewed the record and the referee's detailed findings and we cannot say, given his role as the fact-finder,[2] that he has capriciously disregarded competent evidence in concluding that the claimant did not meet his burden. We will, therefore, affirm the order of the Board.

### ORDER

AND Now, this 27th day of September, 1983, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

DISSENTING OPINION BY JUDGE BARBIERI:

I regretfully must dissent. While the majority would characterize this case as one involving the

---

[2] The Board inferred in its opinion that the case was very close, and were it in the fact-finding role, it may have decided the case differently. However, we agree with the Board that neither it nor this Court is empowered to second-guess the referee's factual findings provided those findings are supported in the record. *Bethlehem Steel Corp.*

resolution of conflicting evidence, a careful review of the record shows that what conflicting evidence there was was over trivial points and not over the ultimate issue of whether a compensable work related injury occurred.

Before the referee, Claimant testified that he injured his back on October 26, 1979, pulling a quarter inch steel slab out from under a one inch slab, and that he subsequently went home after informing his foreman of the injury. This testimony was corroborated by the testimony of the two fellow employees who had been working with Claimant at the time of the injury. Claimant also testified that while he returned to work the following day, fellow employees had to "cover" for him and that he subsequently left work on November 1, 1979 after his foreman discovered him not working. A deposition for Claimant's treating physician, Dr. Jon D. Polocavich, was offered into evidence and Dr. Polocavich stated in his testimony that he believed Claimant to be totally disabled by a severe lumbosacral and thoracic sprain, complicated by a muscle spasm, which was caused by his injury at work. Additional evidence was submitted by Claimant establishing the medical treatments he had received, some of them painful, since his injury.

Claimant's employer, for its part, presented the testimony of a single witness, Stanley R. Palmer, Claimant's foreman. While Mr. Palmer denied receiving notice of Claimant's accident on the date of the injury, he admitted that he overheard Claimant saying he had injured his back and that Claimant had told him "I'm going home and soak my back in the tub so I can work on Saturday. I don't want to miss my overtime." Mr. Palmer further testified that he had found Claimant asleep on November 1, 1979, and

that Claimant had told him that he was going home because his back was bothering him. The only other evidence submitted by Claimant's employer was a hearsay statement from a Dr. Ruben Tenicela which Claimant's attorney withdrew his objection to in order to expedite the proceedings below. In this statement Dr. Tenicela does not state that Claimant is not disabled, but instead opines that Claimant "is in my opinion trainable in being able to at least try a light duty type of job."

In his decision the referee reviewed the evidence noted above, stated that "[t]he question of credibility is basic herein[,]" further found "the witnesses and evidence of the defendant to be more credible than that of the claimant[,]" and denied benefits. Since the evidence submitted by Claimant's employer did not significantly conflict with the evidence submitted by Claimant, however, I believe that the referee erred by denying benefits on the ground that he found the employer's witnesses to be more credible. In my view, where there is no conflict on the basic facts at issue, to raise a question of credibility is frivolous.

"To constitute a capricious disregard of evidence there must be a willful and deliberate overlooking of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching the result." *Workmen's Compensation Appeal Board v. Philco Ford Corp.*, 27 Pa. Commonwealth Ct. 298, 302, 366 A.2d 620, 623 (1976). In light of the unanimous testimony of the witnesses that Claimant suffered a work related injury, the obvious causal relationship between his disability and his work related accident, supported by unequivocal and uncontradicted medical opinion, and the complete

absence of any evidence suggesting that his disability was not work related, I would conclude in the present case that the referee capriciously disregarded evidence of a compensable work related injury, and I would therefore remand for an award of benefits and attorneys' fees.