Susan M. Wilson, Petitioner *v.* Workmen's Compensation Appeal Board (Singing Needles/William Carter Co.), Respondents.

Submitted on briefs May 6, 1985, to Judges ROGERS, MacPHAIL and PALLADINO, sitting as a panel of three.

*Christopher S. Underhill, Hartman, Underhill & Brubaker,* for petitioner.

*Harry W. Reed, Jr., Davis, Katz, Buzgon, Davis & Reed, Ltd.,* for respondent, Singing Needles/William Carter Co.

OPINION BY JUDGE PALLADINO, September 17, 1985:
This is an appeal by Susan M. Wilson (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision denying her benefits under The Pennsylvania Workmen's Compensation Act (Act).[1] We affirm in part, reverse in part, and remand.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §631.

Claimant was employed in the inspection department of Singing Needles/William Carter Company (Employer) for four years until November 5, 1981. On October 29, 1981, while at work, Claimant became short of breath, felt hot and dizzy and fainted. Simultaneously, Claimant developed "little red bumps" all over her body that went away within a few hours and never returned. Upon her doctor's advice, Claimant stayed home from work for several days. When she returned to work on November 5, 1981, Claimant again had difficulty breathing and became dizzy. Claimant went home and under advice from her doctor, has not returned to her job with Employer. She has, however, performed other types of jobs at a lesser rate of pay.

Claimant filed a claim petition pursuant to the Act. A hearing was held at which Claimant testified and the deposition testimony of Claimant's treating physician, a board certified internist and allergist, and the deposition testimony of Employer's expert medical witness, a board certified dermatologist, were entered into evidence.

Both Claimant and Claimant's physician testified that Claimant had a long history of skin allergies, which caused a form of eczema to erupt on her skin when she is exposed to cats, cigarette smoke and dust, among other things, but she had never before experienced respiratory allergies. Claimant's physician testified unequivocally that Claimant's employment had caused her to develop a respiratory allergy to formaldehyde, a chemical used in the fabrics at Employer's plant. Claimant's physician also testified that he had tested Claimant for skin sensitivity to formaldehyde and the test result showed no skin sensitivity, but that the negative result on the skin test was not inconsistent with his determination that

Claimant suffered a respiratory allergy to formaldehyde. Claimant's physician further testified that Claimant could not safely return to her job.

Employer's expert testified that he had performed a contact urticaria test (commonly referred to as a "patch test") upon Claimant which involved applying formaldehyde to her skin for one-half hour and that this test showed that Claimant did not have a skin sensitivity to formaldehyde. Employer's expert further testified that he did not question Claimant regarding her breathing difficulties because it did not relate to her skin problems and, as a dermatologist, he could not comment on Claimant's respiratory problem.

The referee found that because the objective tests for skin sensitivity to formaldehyde were negative, Claimant failed to prove a causal connection between her skin allergies and any work-related source by unequivocal medical testimony. The referee, however, made no findings whatsoever as to whether Claimant's breathing difficulties constituted a work-related disability. The referee concluded that Claimant had failed to meet her burden of proving a work-related disability and denied compensation. The Board affirmed the referee's decision because it found that the referee did not capriciously disregard Claimant's evidence of disability.

Claimant appeals to this Court asserting that the referee did capriciously disregard competent medical evidence. We agree. Where, as here, the party with the burden of proof does not prevail before the referee, our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or the findings of fact and conclusions of law are consistent with each other and can be sustained without a capricious disregard of competent evidence. *Williams v. Workmen's Com-*

*pensation Appeal Board (Pittsburgh Annealing Box Co.)*, 77 Pa. Commonwealth Ct. 340, 465 A.2d 1083 (1983). A capricious disregard of competent evidence is the deliberate overlooking of competent testimony which one of ordinary intelligence could not possibly have avoided in reaching a result. *Ney v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 381, 327 A.2d 402 (1974). If evidence or testimony is equivocal or contradictory, it is within the referee's province to determine its weight and credibility; such a determination does not constitute a capricious disregard of the evidence. *Vovericz v. Workmen's Compensation Appeal Board*, 41 Pa. Commonwealth Ct. 94, 398 A.2d 734 (1979). Where, however, the referee's findings totally ignore the record evidence which is neither contradictory, conflicting nor equivocal regarding a claimant's disability, a capricious disregard of competent evidence has occurred. *Id.* at 98, 398 A.2d at 736.

In the case at bar, the referee has completely ignored all of the record evidence regarding Claimant's disability: her inability to breathe when exposed to formaldehyde in the air. The testimony of her treating physician is unequivocal. The testimony is not contradicted, nor is conflicting testimony presented by Employer's expert medical witness. If all of the facts testified to by all witnesses are considered, the conclusion that Claimant is disabled by a work-related respiratory allergy is compelling. Therefore, the referee capriciously disregarded competent evidence.

Accordingly, we reverse the order of the Board insofar as it determined that Claimant was not disabled. Because Claimant is able to engage in other employment which does not expose her to formaldehyde, however, we remand this case to the Board for

a finding on whether Claimant suffers a partial or total disability and for the computation of benefits.[2] Because we conclude that Employer's basis for contesting liability was not unreasonable,[3] we affirm that part of the Board's order which denied attorney's fees and penalties.

ORDER

AND Now, September 17, 1985, the Order of the Workmen's Compensation Appeal Board, No. A-87009, is affirmed with respect to the denial of attorney's fees and penalties, reversed with respect to the denial of Workmen's Compensation benefits, and the case is remanded for action consistent with the foregoing opinion.

Jurisdiction relinquished.

Judge BARRY did not participate in the decision in this case.

---

[2] Claimant has established by competent and credible evidence that she can no longer perform her former job because of a work related injury; she is therefore entitled to disability benefits. See U.S. Steel Corp. v. Workmen's Compensation Appeal Board, 58 Pa. Commonwealth Ct. 183, 427 A.2d 727 (1981). However, she has also testified that she is able to perform other types of work but at a lesser rate of pay. We must therefore remand this case to the Board to make the factual determination of the extent of Claimant's disability, which is synonymous with her loss of earning power. See Wheeling-Pittsburgh Steel Corp. v. Workmen's Compensation Appeal Board (Charles T. Smith), 70 Pa. Commonweatlh Ct. 100, 452 A.2d 611 (1982).

[3] See e.g., Cavanaugh v. Workmen's Compensation Appeal Board, 50 Pa. Commonwealth Ct. 495, 413 A.2d 442 (1980).